# PEARL A. ANDERSON v. ARTHUR J. ANDERSON.

184 N. W. (2d) 415.

February 19, 1971—No. 42414.

*Firestone, Fink, Krawetz, Miley, Maas & Noonan,* for appellant.

*Ruttenberg, Orren, Griswold & Cohen* and *Kenneth P. Griswold,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a decree of divorce and an order denying a motion for a new trial.

Arthur J. and Pearl Albrecht Anderson were married on August 9, 1946. On July 31, 1968, Mrs. Anderson commenced

proceedings for divorce, alleging that her husband had adopted a "systematic course of mental and physical cruel and inhuman treatment" toward her which had injured her health and made continuation of the marriage unendurable. Arthur Anderson filed an answer denying the allegations and filed a cross-complaint alleging that Mrs. Anderson had treated him in a cruel and inhuman manner. Mrs. Anderson denied the allegation in her reply. After trial to the court, it made findings of fact and conclusions of law determining that Mrs. Anderson had treated Mr. Anderson in a cruel and inhuman manner. Pursuant thereto, a decree was entered granting him a divorce.

Three children were born as issue of the marriage. As of the date of trial, the ages of the children were: Conrad, 21; Richard, 20; and Lorelei, 15. The Andersons owned a home in joint tenancy. It was stipulated that the value of the home is $15,000 and that encumbrances against it totaled $1,600. The monthly mortgage payment, including taxes, is approximately $75. At the time of trial, Mr. Anderson earned $169 per week after deductions; had a fully paid life insurance policy with face value of $3,000 and a straight life policy of $10,000 on which he was making payments; owned a checking account in which there was a $200 balance; and owed one debt of $483 covering the final six payments due on his automobile. At the time of trial, Mrs. Anderson, a stenographer, earned $119 every two weeks after deductions; had an undivided ¼ interest in his mother's $2,500 estate; owned two checking accounts with a total balance of approximately $350; had a $600 debt due her from her mother's estate; and apparently owed no debts.

In its decree, the trial court awarded custody of the minor children to Mrs. Anderson and granted appropriate visitation rights to Mr. Anderson; decreed that Mrs. Anderson was not awarded permanent alimony; ordered Mr. Anderson to pay support for the two minor children in the sum of $25 per week per child until their emancipation; gave possession of the house to Mrs. Anderson, ordered Mr. Anderson to continue mortgage

payments, and provided that the house be sold within 6 months after the last child is emancipated, with Mr. Anderson to receive one-half the net proceeds but not to exceed $7,500; ordered Mr. Anderson to maintain hospitalization and major medical coverage for the children while he is obligated to support them; and gave Mrs. Anderson her 1962 Dodge and Mr. Anderson his 1967 Volvo. Costs and attorney's fees of $425 were awarded to Mrs. Anderson. Thereafter the trial court denied Mrs. Anderson's alternative motion for amendment of the findings or for a new trial, and this appeal was taken by Mrs. Anderson.

Three issues raised by this appeal are (1) whether the evidence sustains the finding that the husband is entitled to a decree of divorce; (2) whether the wife is entitled to a decree of divorce under the evidence; and (3) whether the trial court abused its discretion in adjudging that the wife shall not be awarded permanent alimony.

■ Minn. St. 518.06(9) provides:

"A decree of divorce may be adjudged to either husband or wife notwithstanding that both have conducted themselves in such manner as to constitute grounds for divorce."

In this case the corroborated evidence clearly discloses that the trial court was justified in determining that Mr. Anderson should be awarded the divorce and that there has been no abuse of statutory discretion in failing to grant a divorce to Mrs. Anderson.

■ Mrs. Anderson contends that the trial court abused its discretion in denying her permanent alimony. Her main concern is that the action of the trial court, in decreeing "[p]laintiff is awarded no permanent alimony" in conjunction with the trial court's failure to reserve jurisdiction over the matter of alimony, will bar any future grant of alimony even if the circumstances of the parties change dramatically at some future time.

In Warner v. Warner, 219 Minn. 59, 17 N. W. (2d) 58, the trial court, hearing a motion to show cause why an order amend-

ing the original decree should not be granted, found that it had been the intention of the court in issuing the original divorce decree, which said nothing about alimony, that there be no alimony of any type. In reaching this result, the court specifically cited the fact that the original findings of fact had incorporated an agreement of the parties which recited that there would be no alimony of any sort. After concurring in the trial court's view of the intention of the court in issuing the original decree, this court held that the lower court lacked jurisdiction to entertain a motion of the kind put before it for the modification of the divorce decree. We said (219 Minn. 78, 17 N. W. [2d] 67):

"* * * We think the language of § 518.23 [predecessor to current § 518.64[1]] plainly limits the court's power to 'revise and alter' an order or decree in the matter of alimony to cases where, *initially and as a part of the divorce proceeding,* 'alimony, or other allowance' has been given to the wife."

The jurisdictional issue in Warner is present in this case only as a factor bearing on the discretion of the trial court in refusing alimony.[2] Under such circumstances, we will assume without decision that Warner would be controlling here and would require the dismissal on jurisdictional grounds of any attempt to obtain alimony in the future, no matter how dramatically the parties' relative situation may have changed.

As the legislature has apparently allowed a trial court to formulate a divorce decree so as to foreclose any change in alimony,

---

[1] Minn. St. 518.64 reads in part: "After an order or decree for alimony or support money, temporary or permanent, * * * the court may from time to time, on petition of either of the parties revise and alter such order or decree respecting the amount of such alimony, * * * and may make any order respecting these matters which it might have made in the original action * * *."

[2] Upon oral argument before this court, counsel for respondent indicated that the trial court had been apprised of the Warner case during summation. Thus, we must assume that the trial court considered the consequences of that decision when formulating this decree.

we cannot consider an exercise of that legislatively permitted prerogative as an abuse of discretion despite the fact that Warner presents a result which is anomalous in light of the otherwise broad discretionary review allowed by § 518.64.

Appellant cites our recent decision in Vandewege v. Vandewege, 284 Minn. 330, 170 N. W. (2d) 228, as support for her contention that the trial court abused its discretion here. There we held that it was error to deny a wife alimony notwithstanding her misconduct where she had been married for 23 years, had no vocational skills, no employment experience since the time of her marriage, and no other resources with which to support herself.

In contrast to the facts in Vandewege, Mrs. Anderson has vocational skills, had been employed during marriage, and, at the time of divorce, was earning over $3,000 annually after taxes. Her employment is apparently with the government and thus most likely offers security as well as systematic regular pay increases. In addition, when the youngest child becomes 21 or is emancipated in some other manner, Mrs. Anderson will receive one-half of the net proceeds from the sale of the homestead. Since the youngest child was 15 as of the date of the decree in 1969, these proceeds should come to Mrs. Anderson at some time before December 1975. While we might have reached a different conclusion had we been in the position of the trial court, we cannot say that court abused its wide latitude in formulating the decree to provide that Mrs. Anderson shall receive no permanent alimony.

Affirmed.