# AGNES McCARTHY v. JOHN E. McCARTHY.

196 N. W. 2d 305.

March 31, 1972—No. 43102.

*Larson & Baddin* and *Robert E. Lucas,* for appellant.
*Leo M. McDonnell,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

TODD, JUSTICE.

Proceedings brought by Agnes McCarthy to amend an original decree of divorce so as to allot to her an award of alimony although the decree did not clearly designate a specific award of alimony to her. From an order granting plaintiff alimony, defendant appeals. We reverse the order of the lower court.

The original action for divorce was commenced in October 1957. In August 1958, a stipulation was entered into between the parties, paragraph 2 of which provided:

"That defendant shall pay to plaintiff the sum of $240.00 per month as and for maintenance and support of plaintiff and the minor children until the last child shall have attained his majority or have become emancipated or until the further order of this Court."

Thereafter, on December 11, 1958, a decree of divorce was entered which contained the following language:

"That defendant pay as and for the support and maintenance of the plaintiff, Agnes McCarthy, and the minor children in her care and custody, the sum of $240.00 per month, commencing forthwith, and that he continue to make such payments until John Terr[a]nce McCarthy shall have attained his majority or shall have become emancipated, and/or until the further order of the Court."

Defendant promptly made all payments due under the divorce decree until December 25, 1969, when John Terrance McCarthy, the youngest child of the parties, reached the age of 21 years. During the time payments were being made, the only apparent dispute between the parties involved a letter from plaintiff to defendant postmarked May 4, 1968, a portion of which was read into the record as follows:

"Dear Jack: If you will examine your divorce decree, you will find that by court order, you are to pay $240.00 until Terry becomes of legal age—21.

"In case you plan on bringing this matter to court before that time, be prepared to fight!"

On April 9, 1970, plaintiff made a motion for amendment of the decree. Defendant did not appear, and an order amending the decree was entered on April 13, 1970, and was subsequently vacated on May 6, 1970, to allow a rehearing in which defendant could respond. The matter was reheard on September 15, 1970, and the final order of the district court was entered on November 17, 1970. This order provided that defendant was to pay to plaintiff the sum of $100 per month as continuing alimony commencing May 1, 1970, and continuing on the first day of each month thereafter, together with an allowance of attorneys' fees and costs.

In the memorandum accompanying the order, the court indicated that it interpreted the ambiguous language of the decree to mean that there had been no final determination of alimony and that the court had retained jurisdiction to decide this issue after the youngest son had reached his majority. The trial court correctly found that there was no question of change of circumstances since, if its determination that it had retained continuing jurisdiction were correct, the court was merely being called upon to determine the portion of the original award that should be allocated to alimony.

1. At the time of the entry of the original decree of divorce, the following statutory language of Minn. St. 1957, § 518.55, was applicable to the decree:

"Every award of alimony or support money in a judgment of divorce shall clearly designate whether the same is alimony or support money, or what part of the award is alimony and what part thereof is support money. * * * If there are children of the parties the custody of whom is awarded to the wife, or if the custody is divided, any award of payments from the future income or earnings of the husband shall be presumed to be support money unless otherwise designated by the court. In any judg-

ment of divorce the court may determine, as one of the issues of the case, whether or not the wife is entitled to an award of alimony notwithstanding that no award is then made, or it may reserve jurisdiction of the issue of alimony for determination at a later date."

Section 518.55 has been amended and presently provides in part:

"* * * Any award of payments from future income or earnings of the custodial parent shall be presumed to be alimony. Any award of payments from the future income or earnings of the non-custodial parent shall be presumed to be support money unless otherwise designated by the court."

This change in statutory language has no effect upon the holding of the court in this case.

This court receives additional powers under § 518.64, which reads in relevant part:

"After an order or decree for alimony or support money, temporary or permanent, * * * the court may from time to time, on petition of either of the parties revise and alter such order or decree respecting the amount of such alimony, or support money, and the payment thereof, * * * and may make any order respecting these matters which it might have made in the original action, except as herein otherwise provided."

When these sections are read together, the power of the district court emerges as one of deciding at the time of the divorce whether alimony is appropriate. If alimony is granted in accordance with the terms of the statutory requirements, the court retains jurisdiction to modify the decree at a later time if circumstances have changed so greatly that equity requires the modification.

The trial court found that the original decree made no final allowance of alimony and that the court had reserved jurisdiction to amend the decree at a later date. Its finding is contrary to the statutory provisions of § 518.55 cited above. The statute

says that the judgment of divorce "shall *clearly designate* whether the same is alimony or support money." (Italics supplied.) The use of the adverb "clearly" indicates an intention on the part of the legislature that the decree of divorce be specific and unambiguous regarding the award of alimony or support money. From a grammatical standpoint, the use of the word "clearly" adds very little to the sentence structure, but it is indicative of legislative intent. The statute then covers the situation where such clear designation is not made in the decree of divorce by creating a statutory presumption that any payments from future earnings, such as involved here, shall be presumed to be support money. Both parties agree that the bare language of the stipulation and the decree are ambiguous. Where a decree of divorce fails to specifically designate as alimony an award out of the future earnings of a husband not having custody of the minor children of the parties (or the future income or earnings of the noncustodial parent), the statutory presumption must take over, and all money so awarded will be presumed to be child support. There is no basis for judicial construction of this language.

2-3.   Having found that the decree by its ambiguity and by operation of law makes no provision for alimony, then, under the rule of law laid down by this court in Warner v. Warner, 219 Minn. 59, 17 N. W. 2d 58 (1944), the trial court lacks jurisdiction to amend the original decree. In the Warner case the conclusions of law and the decree were silent as to alimony, although the parties had by agreement made a complete property settlement which included a specific waiver of alimony by the plaintiff wife. This court quoted there with approval the language used by the trial judge in his memorandum denying the plaintiff wife's application for amendment of the decree. The trial court said (219 Minn. 65, 17 N. W. 2d 62) :

"* * * After the judgment granting plaintiff a divorce, plaintiff was no longer the wife of defendant, and he now or since the entry of judgment owes her no marital duty; that from that time she could enforce against him no obligation not imposed

by the court at the time of judgment. In the case at bar the court believes that the judgment became final without a word as to alimony, and that the court could not afterwards modify that which never existed. Our conclusion then is that this Court at this time has no jurisdiction to make the order requested by plaintiff."

We hold that where the decree of divorce is silent as to alimony or fails properly to designate alimony as required by statute, the trial court cannot thereafter modify the decree to award alimony since to allow such a practice would be to allow modification of something that never existed. Further, where the decree does not specifically reserve jurisdiction of the issue of alimony for determination at a later date, no such jurisdiction can later be claimed. The trial court in this situation had no jurisdiction to make the order it did.

In support of her position, plaintiff cites, as did the trial court, Johnson v. Johnson, 269 Minn. 253, 130 N. W. 2d 544 (1964). In that case the decree of divorce was absolutely silent as to the issue of alimony. This court there held that since the decree was silent as to the issue of alimony, and since there was no specific waiver of alimony in the decree, the issue of alimony could be reconsidered by the trial court. Seeking to distinguish the Warner case, this court said (269 Minn. 259, 130 N. W. 2d 548):

"* * * The Warner case did hold that under our statute the court had no power, subsequent to entry of judgment allowing no alimony, to make what would amount to a new decree on the subject of alimony. But there are distinctions between that case and the one before us. In the Warner case there was a provision that there would be no allowance of temporary or permanent alimony to the plaintiff wife."

It is clear that the court made a basic error in examining and construing the Warner decision. The decree in the Warner case is totally silent as to the award of alimony or the waiver of ali-

mony, and the decree in the Johnson case was exactly the same. The distinction sought to be drawn by this court in the Johnson case is invalid, and that case, being both totally irreconcilable with our decision in Warner and contrary to the statute, is hereby overruled.

Neither party shall be allowed any attorneys' fees in this proceeding, and neither party shall be allowed costs.

Reversed.