EARL E. ECKERT v. ELEANOR M. ECKERT.

216 N. W. 2d 837.

April 5, 1974—No. 44482.

---

*Alderson, Catherwood, Ondov & Leonard* and *Roger Catherwood,* for appellant.

*Hoversten, Strom, Ryan & Johnson, Kermit Hoversten,* and *Craig W. Johnson,* for respondent.

Heard before Sheran, C. J., and Todd, MacLaughlin, and McRae, JJ., and considered and decided by the court.

GORDON L. MCRAE, JUSTICE.*

Appeal by the defendant wife from an order of the district court denying her motion for resumption of alimony payments terminated by a previous order of the court. The trial court denied her motion without consideration of the merits on the grounds that it lacked jurisdiction to act in the matter of alimony. We affirm.

The parties were divorced on August 27, 1963, by a decree awarding permanent alimony to defendant of $50 per week and making payment of this alimony a specific lien on real estate awarded to the plaintiff husband. By order of the trial court dated December 19, 1967, plaintiff was required to place a savings certificate in the amount of $2,000 in escrow as substitute for his real estate in securing payment of alimony, and the alimony provisions of the decree were amended to read as follows:

"The Plaintiff, Earl E. Eckert, is hereby ordered to pay the Defendant, Eleanor M. Eckert, the following sums of money:

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

a) The sum of $108.33 per month commencing with the first Monday of January, 1968, and continuing for a period of five years thereafter, until the end of December of 1972, at which time either party may petition the Court to review the requirement for the payment of alimony. If no petition or motion is filed with the Court by December 31, 1972, the obligation to pay alimony shall terminate as of December 31, 1972.

"The Court reserves jurisdiction of said case to determine distribution of said certificate of deposit in the sum of Two Thousand and no/100 ($2,000.00) Dollars, being held in escrow at the First National Bank of Austin, Austin, Minnesota, in the event of delinquency of payments or the death of Plaintiff during the next ensuing five year period."

Defendant did not appeal from the foregoing order and she accepted payment of alimony from plaintiff for the full period called for in the order. Neither party filed a petition or a motion for review of the alimony provisions on or before December 31, 1972.

During the month of January 1973, plaintiff moved the court for an order releasing the savings certificate deposited as security for the payment of alimony. In her affidavit in opposition to plaintiff's motion, defendant moved for an order requiring plaintiff to resume alimony payments in an increased amount. By agreement of counsel and with consent of the trial court, only the jurisdictional issue was argued and the merits of the alimony claim were reserved for a later hearing if the trial court determined it had jurisdiction. The trial court granted plaintiff's motion for release of the security deposit and denied defendant's motion for alimony for lack of jurisdiction. The lower court explained the basis for its ruling as follows:

"* * * By the initial decree of the court the parties' marriage was dissolved and the extent of their mutual obligations was as imposed by the court at the time of the judgment. By the subsequent order of the court, any obligation to pay alimony was to

cease on December 31, 1972, unless, prior to that time, a petition for review of the alimony requirement was made. Once that date passed without petition, the parties were no longer under any obligation imposed by the court. The court was then without jurisdiction to reinstitute an award of alimony the same as if no alimony had been granted in the first instance."

We agree with the trial court that its ruling as to lack of jurisdiction, while presenting a question of first impression in this state, is consistent with our statutory and decision law and finds support in decisions from other jurisdictions.

The statutes involved are Minn. St. 518.55 and 518.64. The former provides:

"Every award of alimony or support money in a judgment of divorce shall clearly designate whether the same is alimony or support money, or what part of the award is alimony and what part thereof is support money. Any award of payments from future income or earnings of the custodial parent shall be presumed to be alimony. Any award of payments from the future income or earnings of the non-custodial parent shall be presumed to be support money unless otherwise designated by the court. In any judgment of divorce the court may determine, as one of the issues of the case, whether or not either spouse is entitled to an award of alimony notwithstanding that no award is then made, or it may reserve jurisdiction of the issue of alimony for determination at a later date."

Minn. St. 518.64, in pertinent part, reads:

"After an order or decree for alimony or support money, temporary or permanent, * * * the court may from time to time, on petition of either of the parties revise and alter such order or decree respecting the amount of such alimony, or support money, and the payment thereof, * * * and may make any order respecting these matters which it might have made in the original action, * * *."

Defendant concedes that under § 518.55 the trial court may

act to deny alimony in the decree and thereby divest itself of jurisdiction to act in the future, but she contends that if the trial court decrees alimony, it cannot thereafter act under § 518.64 to permanently deny alimony and thereby divest itself of jurisdiction to consider the matter on the merits in the future. She relies on that language in § 518.64 to the effect that after an order or decree for alimony "the court may from time to time, * * * revise and alter such order or decree respecting the amount of such alimony, * * * and the payment thereof * * *."

Plaintiff argues that the trial court's power and the consequences of its exercise under § 518.64 are the same as under § 518.55. He relies on that language in § 518.64 to the effect that the trial court "may make any order respecting these matters which it might have made in the original action * * *." Since the trial court in its original decree could have denied alimony and thereby have divested itself of jurisdiction, plaintiff urges that the same result follows from an order terminating alimony previously awarded.

It is well settled under Minn. St. 518.55 that where alimony is not awarded and jurisdiction of alimony is not retained by the terms of the divorce decree, the lower court is without jurisdiction to award alimony thereafter. McCarthy v. McCarthy, 293 Minn. 61, 196 N. W. 2d 305 (1972). See, also, Anderson v. Anderson, 289 Minn. 339, 184 N. W. 2d 415 (1971); Warner v. Warner, 219 Minn. 59, 17 N. W. 2d 58 (1944).

In Warner v. Warner, *supra,* the conclusions of law and decree were silent as to alimony although the parties had by agreement made a complete property settlement which included specific waiver of alimony by the wife. We affirmed the trial court's order denying the wife's motion to amend the decree so as to award her alimony, which order was based on a finding of lack of jurisdiction. After finding the question there presented to be one of first impression in this state, we examined the decision law of other states having similar statutes. Our conclusion was as follows:

"* * * We think the language of § 518.23 [predecessor to current § 518.64] plainly limits the court's power to 'revise and alter' an order or decree in the matter of alimony to cases where, *initially and as a part of the divorce proceeding,* 'alimony, or other allowance' has been given to the wife." 219 Minn. 78, 17 N. W. 2d 67.

The case of McCarthy v. McCarthy, *supra,* involves a decree which provided $240 per month "for the support and maintenance of the plaintiff, Agnes McCarthy, and the minor children in her care and custody, * * *" (293 Minn. 62, 196 N. W. 2d 306), and this award was to continue until the youngest child reached his majority or was otherwise emancipated. The husband made these payments until the youngest child reached the age of 21 years on December 25, 1969. Thereafter, upon motion to amend the decree made by the wife in April 1970, the trial court ordered payment of $100 per month as continuing alimony. We reversed for the following reasons:

"We hold that where the decree of divorce is silent as to alimony or fails properly to designate alimony as required by statute, the trial court cannot thereafter modify the decree to award alimony since to allow such a practice would be to allow modification of something that never existed. Further, where the decree does not specifically reserve jurisdiction of the issue of alimony for determination at a later date, no such jurisdiction can later be claimed. The trial court in this situation had no jurisdiction to make the order it did." 293 Minn. 66, 196 N. W. 2d 308.

The rationale for the rule laid down in McCarthy is that there can be no modification of something that never existed, and the basis for the rule herein announced is similarly that there cannot be modification of something that has ceased to exist.

Where this issue has been considered by the courts of other jurisdictions, they are in accord with the views here expressed. Jordan v. Jordan, 87 Idaho 432, 394 P. 2d 163 (1964); McClure v. McClure, 4 Cal. 2d 356, 49 P. 2d 584, 100 A. L. R. 1257 (1935);

Garver v. Garver, 102 Ohio St. 443, 133 N. E. 551 (1921). The Idaho and California cases were decided under statutes generally similar to § 518.64 as to the trial court's power to modify divorce decrees, but their statutes did not contain the additional provision that the trial court "may make any order respecting these matters which it might have made in the original action, * * *."

In her brief defendant poses the question: "* * * [W]here alimony is originally granted, whence comes the alleged power to extinguish it forever?" We say it comes from the statutory provision found in § 518.64 which empowers the trial court to do by an order made subsequent to a divorce decree what it could do by the decree itself. Defendant agrees that the trial court may by the terms of its decree act to terminate forever any possibility of a spouse receiving alimony. We simply hold that this result may be, and in this case was, accomplished subsequent to the decree awarding alimony. Of course, this is not to say that every termination of alimony made by an order entered subsequent to the decree must be deemed permanent or final. There is no reason why the trial court may not, under our decisions and statutory law, terminate alimony by an order reserving jurisdiction either expressly or by necessary inference from use of the words "until further order of the court."

This result accords with our past decisions involving the matter of alimony, is within the limits of the power granted to the trial courts by the express language of our statutes, and reflects the views expressed in the decisions of sister states. Furthermore, the rule laid down herein will be another step toward achieving the goal of "finality of divorce decrees required to enable the divorced husband to make some reasonable plans for the future based on economic obligations imposed upon him by the decree of divorce." Snyder v. Snyder, 298 Minn. 43, 52, 212 N. W. 2d 869, 875 (1973).

Accordingly, we hold that the statutory power to modify an allowance of alimony conferred upon the trial court includes the power to terminate the obligation to pay alimony, and where this

power is exercised by the trial court, it is without jurisdiction to thereafter reinstate alimony unless jurisdiction in the matter is reserved.

The trial court's order is affirmed.

No costs or attorneys' fees are allowed to either party.

Affirmed.