**In Re the Marriage of Virginia Lee PLANTE, Petitioner, Respondent,**

**v.**

**Thomas E. PLANTE, Appellant.**

No. C8–84–1292.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Review Denied Feb. 27, 1985.

Patrice M. Rico, St. Paul, for respondent.

Kenneth P. Griswold, St. Paul, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal by appellant husband from an amended judgment and decree of dissolution which reserved jurisdiction over spousal maintenance after wife's request for continuance of spousal maintenance payments beyond the four-year period provided in the 1979 decree. Husband contends the trial court lacks jurisdiction to award maintenance beyond those four years. We affirm.

## FACTS

Thomas and Virginia Plante's 30-year marriage was dissolved by judgment and decree dated July 13, 1979. The conclusions of law included:

2. That the respondent shall pay to the petitioner as and for permanent maintenance the sum of $400.00 per month, payable one-half on the fifteenth (15th) and one-half on the Thirtieth (30th) day of each month, commencing July 15, 1979, and continuing until 1) Petitioner's remarriage, 2) the demise of either party, or 3) July 15, 1983, whichever shall first occur. Upon the occurrence of 1, 2, or 3 above, maintenance shall forever cease.

In May 1983 wife served a motion on husband to modify the maintenance award, asking $600 per month until her remarriage or either party's demise. The motion was heard June 8, 1983. On June 17, 1983, the court denied wife's motion "without prejudice to her right to submit additional detailed information regarding respondent's favorable change of circumstances," and authorized both parties to conduct discovery.

On June 29, 1983, wife served a notice to produce documents on husband. Husband did not respond. In August wife served a motion to compel production. Husband responded with a motion to dismiss on grounds of lack of jurisdiction, since the four-year period had passed. The motions were heard on August 31, 1983. On September 6 the court found that in the June 17 order "jurisdiction was implicitly retained by the Court by permitting discovery to proceed regarding respondent's post-Decree income status." The court ordered husband to produce the documents, and stated "the Court shall retain jurisdiction over the issue of spousal maintenance until discovery is completed and petitioner's motion to modify is determined."

On February 14, 1984, wife again moved the trial court to modify the maintenance award to provide for $300 per month until October 1, 1984, then to increase to $700 per month until remarriage or demise. Husband objected on grounds of lack of jurisdiction. An evidentiary hearing was held on April 9, 1984. On May 1, 1984, the court found that:

> 7. At the present time, the Petitioner's income covers her monthly living expenses and consequently, there is no present need to award continuing spousal maintenance. Nevertheless, in view of all the circumstances in this case, in equity and fairness, the Court should retain continuing jurisdiction over the issue of spousal maintenance notwithstanding the Judgment and Decree's failure to make such a reservation.

The conclusions amended the original judgment and decree maintenance provision by deleting the last sentence ("shall forever cease") and adding "Subsequent thereto, spousal maintenance shall be reserved." Husband appeals the amendment reserving maintenance. Wife does not appeal the denial of maintenance.

## ISSUE

Did the trial court have jurisdiction to amend a dissolution judgment and decree awarding maintenance for a limited period?

## ANALYSIS

Modifications of maintenance awards are governed by Minn.Stat. § 518.64, subd. 1 (1982):

> After an order for maintenance or support money, temporary or permanent, * * * the court may from time to time, on petition of either of the parties * * * modify the order respecting the amount of maintenance or support money, and the payment of it, * * * and may make an order respecting these matters which it might have made in the original proceeding * * *.

The Minnesota Supreme Court considered a limited maintenance award similar to the Plante provision in *Eckert v. Eckert*, 299 Minn. 120, 216 N.W.2d 837 (1974). In *Eckert*, the obligation to pay alimony was to cease on December 31, 1972. Neither party filed a petition or motion for review on or before that date. Wife, in response to a motion brought by husband in January 1973, asked that alimony be resumed in an increased amount. Wife's request was denied. The supreme court agreed with the trial court's denial on the following basis:

> * * * By the initial decree of the court the parties' marriage was dissolved and the extent of their mutual obligations was as imposed by the court at the time of the judgment. By the subsequent order of the court, any obligation to pay alimony was to cease on December 31, 1972, unless, prior to that time, a petition for review of the alimony requirement was made. Once that date passed without petition, the parties were no longer

under any obligation imposed by the court. The court was then without jurisdiction to reinstitute an award of alimony the same as if no alimony had been granted in the first instance.

*Id.* at 122–123, 216 N.W.2d at 838–839.

The *Eckert* court further stated that, if the court does reserve jurisdiction or awards maintenance, section 518.64 empowers the court to make any order subsequent to the decree which it could have done in the decree itself. *Id.* at 126, 216 N.W.2d at 840.

 Under the rationale of *Eckert*, wife here was required to make her motion before the four-year period ended or the maintenance award ceased to exist. Her original motion was timely. However, when that motion was denied, the referee failed to expressly reserve jurisdiction while discovery continued. On September 6, 1983, the district court found that jurisdiction was implicitly reserved, noting:

> The denial of petitioner's motion without prejudice and the granting to both parties the right to continue discovery is tantamount to a reservation of the Court's jurisdiction over the issue of spousal maintenance until discovery could be completed and the matter reheard. Any construction contrary to this would place petitioner in the position of conducting discovery as an act of futility.

We agree with the district court's analysis. Wife's motion was timely made. Since the court could have reserved jurisdiction on maintenance beyond the four-year award in the original decree, it was empowered to make the same reservation subsequent to the decree.[1]

## DECISION

The court implicitly reserved jurisdiction when it denied the wife's motion for modification and ordered discovery. The court

was authorized to modify the maintenance award by reserving jurisdiction.

Affirmed.

---

1. We do not address, nor does husband raise, the issue of substantial change in circumstances under Minn.Stat. § 518.64, subd. 2 (Supp.1983).