**In re the Marriage of Gary D. STOLP, petitioner, Appellant,**

**v.**

**Merlena K. STOLP, Respondent.**

**No. C4–85–1896.**

Court of Appeals of Minnesota.

March 18, 1986.

Eugene D. Mailander, Slayton, for appellant.

Patrick J. Leary, Marshall, for respondent.

Considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, J., with oral argument waived.

## OPINION

FOLEY, Judge.

This is an appeal from an amended dissolution judgment, modifying a property division, denying appellant's motion to forgive child support arrearages and awarding attorney's fees. Appellant claims such action was beyond the trial court's jurisdiction. We affirm on the issue of child support and forgiveness of arrearages and reverse on all other issues.

## FACTS

Gary and Merlena Stolp were married in 1980 and divorced 3½ years later in 1984. They have two children, ages 3 and 5. Merlena is 24, Gary is 35. He is a self-employed carpenter and also operates a small farm. She is currently employed as a service station attendant and bookkeeper and earns $158 per week.

The original judgment gave Merlena custody of the children and $250 per month in child support. At the time of the dissolution, Merlena received public assistance, and worked part time earning $50 per week. The parties' personal property was divided between them, and Gary was awarded the farm and homestead that they purchased from his parents. The court found the parties' equity in the real estate was $16,500 and that Gary earns between $1,500 and $7,500 per year.

The judgment specifically states that Merlena is not granted any maintenance and instead awards her a $10,500 property settlement to be paid in four installments over three years. The judgment provides that the property settlement is in lieu of any future claims by Merlena for maintenance, attorney's fees or anything else. It also provides that each party is responsible for his or her own attorney's fees.

In November 1984, Gary filed for bankruptcy. In December, Merlena moved the court to appoint a receiver, to accelerate the property settlement, to compel Gary to give her the name and address of the children's health insurance carrier and for attorney's fees. On December 11, 1984 the trial court placed a lien on the real estate as security for the property settlement and awarded her $540 in attorney's fees. The bankruptcy court voided this order as a lien created in violation of 11 U.S.C. § 362(a). Section 362 provides that filing of a bankruptcy petition automatically stays continuation of any action against the debtor. Pursuant to 11 U.S.C. § 362(c), the stay remains in effect until the case is closed or dismissed or until a discharge is granted. The bankruptcy court awarded Gary $540 in attorney's fees pursuant to 11 U.S.C. § 362(h). Merlena never brought any action in bankruptcy court, and the discharge was granted without objection.

In May 1985, Merlena moved to hold Gary in contempt for failure to pay child support, to require him to purchase health insurance and for attorney's fees. Gary also moved for a reduction in child support and forgiveness of arrearages. The trial court held Gary in contempt, ordering him to pay the $960 child support arrearages,

and on July 15, 1985 entered an amended judgment. This judgment awarded Merlena $150 per month permanent maintenance and $200 per month for 12 months temporary maintenance as well as $1,500 and $550 attorney's fees. The trial court ordered Gary to provide health insurance for the children and to pay medical expenses incurred since the dissolution. It also refused to reduce child support or forgive arrearages.

Gary appeals from this amended judgment.

## ISSUES

1. Did the trial court err in amending the property division in the original judgment after the time for appeal had passed?

2. Did the trial court err by amending the original judgment to award (a) permanent and temporary maintenance, (b) $1,500 in fees to Merlena's attorney; and (c) $500 attorney's fees to Merlena?

3. Did the trial court abuse its discretion by requiring Gary to pay for the children's medical expenses incurred since the dissolution?

4. Did the trial court abuse its discretion in refusing to reduce child support and forgive arrearages?

## ANALYSIS

### I

Merlena brought a motion to amend the decree on May 14, 1985, more than one year after the date of the original judgment. In its memorandum attached to the amended decree, the trial court provides three different bases for an amendment: (a) Minn.Stat. § 548.14 (1984), which permits a party to bring an action to set aside a judgment procured by fraud; (b) Minn.R. Civ.P. 60.02, permitting relief from a final judgment for six different reasons; and (c) the court's equitable powers, as illustrated by *Hafner v. Hafner*, 237 Minn. 424, 54 N.W.2d 854 (1952).

■ 1. Minn.Stat. § 518.58 (1984) authorizes a trial court to divide personal property in a dissolution action. Amendment of such property divisions is provided for by Minn.Stat. § 518.64, subd. 2 (1984), which provides:

> Except for an award of the right of occupancy of the homestead, provided in section 518.63, all divisions of real and personal property provided by section 518.58 shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state.

Property divisions become final for the purposes of Minn.Stat. § 518.64 once the time for appealing from the judgment and decree has expired. *Boom v. Boom*, 367 N.W.2d 536, 538 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. June 27, 1985). A trial court does not have the authority to modify a property division after the original decree has been entered and the time for appeal expired. *Arzt v. Arzt*, 361 N.W.2d 135, 136–37 (Minn.Ct.App.1985).

The Stolps' original judgment and decree was entered May 3, 1984; thus the time for appeal expired 90 days later on August 1, 1985. *See* Minn.R.Civ.App.P. 104.01. Merlena's motion was filed more than one year later.

The original judgment provided, "That the petitioner (Gary) shall pay to the respondent (Merlena), as and for a property settlement, the sum of * * * $10,500. * * That said property settlement shall be in lieu of any future claims by the respondent for maintenance, attorney's fees * * *." The amended judgment eliminates the $10,500 property settlement and awards Merlena both temporary and permanent maintenance. This is clearly an amendment of the property division. Based on applicable law, the trial court here was without jurisdiction to modify the property division by revoking the $10,500 cash settlement.

■ 2. The trial court also relies on Minn.R.Civ.P. 60.02 as grounds for reopening the judgment. This rule provides that such an action be brought within one year of the judgment for mistake, fraud or new-

ly-discovered evidence. *See Egge v. Egge,* 361 N.W.2d 485, 487–88 (Minn.Ct.App. 1985).

There is no claim of fraud in the record or pleadings and the only claim of mistake is that Merlena did not place a lien on Gary's property to secure the cash award. Such a mistake is not within the contemplation of Rule 60.02.

■ 3. The trial court also relies on *Hafner v. Hafner,* 237 Minn. 424, 54 N.W.2d 854 (1952), where the supreme court held the trial court can set aside consent decrees for fraud, mistake, or absence of real consent. *Id.* at 429, 54 N.W.2d at 857. *Hafner* involved an error in a property description which was not discovered until several years after entry of judgment. One party knew of the error but kept silent. *Hafner* is not applicable to the case here, as there was no mistake prior to the agreement or with regard to property involved in the settlement.

Merlena has not alleged fraud or mistake by either party leading up to the property settlement or terms of the judgment, but now appears to be challenging the bankruptcy discharge of Gary's debts. Although payments for alimony, child support and maintenance are not dischargeable in a bankruptcy proceeding, a property settlement is dischargeable. *See* 11 U.S.C. § 523(a)(5) (1984). What the court attempts to do by amending the judgment to provide for permanent maintenance is to circumvent the bankruptcy court's discharge of the property settlement. This unfortunate result may be harsh, but it is the law.

## II

■ More than one year after the entry of the original judgment, the trial court modified the dissolution decree to award permanent and temporary maintenance. Minn.Stat. § 518.552, subd. 1(a) and (b) (1984) authorizes a trial court to grant maintenance if the spouse seeking it:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.55, subd. 1 (1984) authorizes the court to reserve the issue of maintenance for future determination. Minn. Stat. § 518.64, subd. 1 (1984) authorizes a court to "modify a maintenance order * * except as herein otherwise provided."

The supreme court held:

When these sections are read together, the power of the district court emerges as one of deciding at the time of the divorce whether alimony is appropriate. If alimony is granted in accordance with the terms of the statutory requirements, the court retains jurisdiction to modify the decree at a later time * * *.

*McCarthy v. McCarthy,* 293 Minn. 61, 64, 196 N.W.2d 305, 307 (1972).

The trial court in its original judgment did not award maintenance, nor did it reserve jurisdiction to award it in the future. Further, Merlena specifically waived her right to request maintenance in the future. "[W]here the decree does not specifically reserve jurisdiction of the issue of alimony for determination at a later date, no such jurisdiction can later be claimed." *Id.* at 66, 196 N.W.2d at 308.

The reasoning from the recent case of *Ruud v. Ruud,* 380 N.W.2d 765 (Minn. 1986), is not applicable to the situation here. In *Ruud,* the parties designated post-decree payments as maintenance. The supreme court held the payments were a portion of a property distribution and the former spouse's subsequent marriage did not relieve the party of this payment obligation. The court determined the parties intended the arrangement as a part of the property settlement.

Here, we have a situation where absolutely no maintenance was ever awarded. Based on the rule in *McCarthy*, the trial court here had no jurisdiction to award maintenance. Therefore, it is not necessary to reach the issue of whether temporary and/or permanent maintenance is warranted.

The $1,500 award to Merlena's attorney is also prohibited. Again, it is part of the property settlement in the original decree and now beyond the court's jurisdiction.

Allowance of attorney's fees in dissolution proceedings is within the discretion of the trial court. *Lammi v. Lammi*, 348 N.W.2d 372, 375 (Minn.Ct.App.1984). On appeal such an award will not be disturbed absent an abuse of the discretion. *Deliduka v. Deliduka*, 347 N.W.2d 52, 57 (Minn. Ct.App.1984), *pet. for rev. denied*, (Minn. July 26, 1984). However, in this case, both parties had approximately equal incomes. Merlena moved for support payment when arrearages were under $500. In this case, the court erred in granting Merlena attorney's fees.

### III

■ Gary moved the court for an order forgiving child support arrearages and reducing the amount he is required to pay. The trial court has broad discretion to grant or deny a motion to modify a child support decree and will only be reversed if the order is arbitrary or unreasonable. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984).

Minn.Stat. § 518.64, subd. 2 provides for modification or reduction of child support upon showing of one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any. A modification which decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful.

Minn.Stat. § 518.64, subd. 2 (1984).

Pursuant to the statute Gary must show that he has a substantial decrease in earnings. This he has failed to do. In fact, since his debts were discharged as a result of the bankruptcy proceeding, his financial condition is better now than at the time of the original judgment.

Forgiveness of past arrearages is only proper when the failure to pay support was not willful. Gary paid only $540 in child support from the time of the original judgment. He admitted that he refused to make the support payments on his attorney's advice. Gary is not entitled to forgiveness of the arrearages. To forgive arrearages here would permit Gary to avoid his obligation to his children.

### IV

Gary's obligation under the terms of the original decree is to provide health insurance for the children when Merlena is no longer receiving public assistance medical benefits. Merlena now concedes that the terms of the original judgment should remain in effect. However, should Gary fail to provide medical insurance for the children when Merlena is not receiving public assistance, he is responsible for the bills incurred.

### DECISION

The trial court did not abuse its discretion in refusing to modify child support or forgive arrearages. However, modification of the property division was beyond the court's jurisdiction.

Affirmed in part, reversed in part.