**In re KEY, Jimmy H., Debtor.**

No. 85290.

Supreme Court of Oklahoma.

Dec. 10, 1996.

As Corrected Jan. 3, 1997.

Concurring Statement by Opala, J.,
Modified on Jan. 15, 1997.

Released for Publication Jan. 23, 1997.

Scott P. Kirtley, Karen Carden Walsh, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, for Debtor Jimmy H. Key.

Lawrence A. Martin, Cleveland, for Plaintiff, Shirley J. Key.

SIMMS, Justice:

Certified Question of Law from the United States Bankruptcy Court for the Northern District of Oklahoma.

The trial court certified the following question to this Court pursuant to the Oklahoma Uniform Certification of Questions of Law Act, 20 O.S.1991, § 1601, et seq.:

> "Whether a divorce decree which specifically did not award support alimony may be modified to award alimony?"

We hold that the divorce decree and property division ordered by the district court in this case is not one proper for modification of support alimony as no alimony was awarded. The facts follow.

Jimmy H. Key, Debtor (Husband), and Shirley J. Key, Plaintiff (Wife), were divorced in 1991. According to the terms of

the divorce decree, the trial court determined that their case was

> "not a proper case for permanent alimony for support as to either party herein, as each party has the wherewithal to support themselves, . . .

Consequently, the trial court ruled that no support alimony would be awarded to either party. However, the trial court did order a division of the marital property which included awarding the entire Oklahoma Retirement Pension Plan to Husband. In lieu of dividing the pension plan, the trial court entered a judgment against Husband and in favor of Wife in the amount of thirty-eight thousand dollars ($38,000.00) payable in monthly installments of five hundred dollars ($500.00) each. The divorce decree reads:

> "Further the Defendant to receive, in lieu of division of other specific property and as an offset to the State Retirement Pension Plan that is wholly given to the Plaintiff, a judgment against him in the sum of $38,-000.00 payable at a rate of $500.00 a month, with the first payment due on *July 6, 1991,* and the *6 th* day of each month thereafter, . . ." (Emphasis in original).

The trial court's decision was never appealed.

Husband filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code in June, 1993. He listed Wife as a creditor in the Debtor's Bankruptcy Schedules. Wife responded with a Complaint to Deny Discharge requesting the bankruptcy court to have Husband's obligation to her recognized as non-dischargeable. Husband answered the complaint and filed a Motion for Judgment on the Pleadings arguing the obligation was a property settlement, and not support alimony, and therefore, constituted a dischargeable debt. The bankruptcy court agreed with Husband thereby discharging the property settlement obligation. See: *In Re: Cox,* 543 F.2d 1277 (10th Cir.1976); *Neugebauer v. Neugebauer,* 548 P.2d 1032 (Okla.1976).

Wife did not appeal this ruling, but rather, turned to the state district court and filed a Motion to Modify the 1991 divorce decree.

Alleging a substantial change of condition, to wit, the discharge of Husband's obligation to pay Wife on the property settlement judgment, Wife requested the district court to modify the divorce decree by awarding her support alimony. Husband answered with a motion to dismiss the Wife's motion in the district court and further filed a Motion to Enforce Discharge and/or for Contempt in the bankruptcy court. Hearing before the bankruptcy court on this latter motion resulted in the bankruptcy court certifying the question of law to this Court.

The bankruptcy court now requests us to consider the question of whether the district court may modify its divorce decree to allow support alimony where the trial court explicitly found such alimony to be unnecessary and specifically refused to award support alimony. Both the bankruptcy court and the Osage County District Court await an answer to this question. We answer the query in the negative.

The statute governing the award and modification of alimony, 43 O.S.1991, § 134(E), provides that a court may modify only those alimony payments due that have not accrued prior to the motion. It reads, in pertinent part, as follows:

> ". . . Only those installments accruing subsequent to the motion for modification may be modified." [1]

This language suggests the trial court may only modify alimony awards where alimony has actually been awarded previously. In other words, if there is no award to modify, the trial court may not create an alimony award later.

Also, legislative intent is absolutely clear as § 134(A), both before and after the 1992 amendment reads in part:

> "Payments pertaining to a division of property are irrevocable and not subject to subsequent modification by the court making the award, . . ."

■ This Court has consistently held that property division judgments are not sub-

---

1. Title 43 O.S.1991, § 134(E) was recently amended, *see* Okla. Sess. Laws 1992, ch. 252 § 4, and the above-quoted language was replaced

with provisions of a like nature. However, the language quoted above applied to the case at bar at the time of the divorce decree.

ject to modification. In *Traczyk v. Traczyk,* 891 P.2d 1277 (Okla.1995), we noted that while "property division is permanent and irrevocable, the award of support alimony is subject to modification upon a showing of substantial change in circumstances, ..." 891 P.2d at 1281. *See also Clifton v. Clifton,* 801 P.2d 693 (Okla.1990) (property settlement award, as opposed to award for support alimony, cannot be modified at post-decretal hearing). The judgment for property division in the case at bar became final when neither party filed a timely appeal. Although it is true that the trial court typically retains jurisdiction to modify an award of support alimony under certain statutory circumstances, *See* 43 O.S.1991, § 134; 12 O.S. 1991, § 1272.2; *Bailey v. Bailey,* 867 P.2d 1267 (Okla.1994), and cases cited therein, where there is no modifiable award, the trial court is powerless to modify a divorce decree.

"[T]he purpose and function of a court in construing a divorce decree entered by it is to give effect to that which is already latently in the judgment, and the court has no warrant to add new provisions, substantive or otherwise, which were omitted or withheld in the first instance in the decree." *Jones v. Jones,* 402 P.2d 272, 275 (Okla.1965).

The decree's provisions were final and unalterable except in the case of a void judgment. *Roberts v. Roberts,* 657 P.2d 153 (Okla.1983); *Clifton v. Clifton,* 801 P.2d 693 (Okla.1990). Wife makes no claim that there was something legally defective with the original divorce decree. She merely claims a change in circumstances relating to Wife's need for support, nor does wife allege extrinsic fraud.

In *Stolp v. Stolp,* 383 N.W.2d 409 (Minn. App.1986), the court considered an almost identical issue as that posed to this Court. The trial court had granted a divorce, awarding the wife custody of the children, child support and a judgment against husband as her part of the marital property. No support alimony was ordered by the trial court. After the husband filed for bankruptcy, the wife moved the trial court to accelerate the property settlement. The trial court attempted to establish a lien on the property, but the bankruptcy court voided the order as a violation of the automatic stay provision, 11 U.S.C. § 362. The wife filed no objection to the bankruptcy petition, and the property division obligation was discharged. Pursuant to the wife's motion, the trial court then modified the divorce decree by eliminating the property division judgment and replacing it with an award of twelve months support alimony.

On appeal, the Minnesota Court of Appeals looked to a decision of the Minnesota Supreme Court to overturn the trial court's actions. The Court of Appeals wrote:

"The supreme court held:

When these sections are read together, the power of the district court emerges as one of deciding at the time of the divorce whether alimony is appropriate. If alimony is granted in accordance with the terms of the statutory requirements, the court retains jurisdiction to modify the decree at a later time * * *.

*McCarthy v. McCarthy,* 293 Minn. 61, 64, 196 N.W.2d 305, 307 (1972).

The trial court in its original judgment did not award maintenance [i.e. support alimony], nor did it reserve jurisdiction to award it in the future. Further, [the wife] specifically waived her right to request maintenance in the future. '[W]here the decree does not specifically reserve jurisdiction of the issue of alimony for determination at a later date, no such jurisdiction can later be claimed.' *Id.* at 66, 196 N.W.2d at 308.

\*   \*   \*   \*   \*   \*

Here, we have a situation where absolutely no maintenance was ever awarded. Based on the rule in *McCarthy,* the trial court here had no jurisdiction to award maintenance."

Likewise, in the case at bar, absolutely no support alimony was awarded nor did the divorce decree reserve the determination of support alimony at a later date. Indeed, the trial court specifically determined support alimony was not appropriate in the case, and Wife did not object. She has waived her right to request support alimony in the future. Hence, the state trial court is without authority to modify the divorce decree.

## CONCLUSION

■ Where the final divorce decree does not award support alimony, the trial court is without authority to modify the decree to award support alimony at a later date.

QUESTION ANSWERED.

KAUGER, V.C.J., and LAVENDER, HARGRAVE, OPALA and WATT, JJ., concur.

WILSON, C.J., and SUMMERS, J., dissent.

OPALA, Justice, concurring.

I concur in today's holding that a denial of support alimony, effected in a divorce decree, constitutes that part of the trial court's judgment which is not modifiable on showing after-arising changes in a party's circumstances.

SUMMERS, Justice, dissenting, with whom WILSON, Chief Justice, joins.

I respectfully dissent. In my opinion the bankruptcy which occurred after the original divorce decree resulting in discharge of the property settlement still owing to the wife is sufficient to amount to a change of condition warranting modification of the divorce decree.

Title 43 O.S.Supp.1991 § 134 reads in relevant part:

D. Except as other wise provided in subsection C of this section, the provisions of any divorce decree *pertaining to* the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Only those installments accruing subsequent to the motion for modification may be modified. (emphasis added)

The majority reads this section to permit modification only when alimony has been allowed in the first instance. I do not read the statute so narrowly. The first sentence of the statute expressly states that any provision *pertaining to* alimony may be modified. The statute does not limit such modifications to those instances in which alimony has been granted. In the present case the decree contained a provision stating that alimony was not proper, because both parties could support themselves. Thus, there was a provision in the decree pertaining to alimony. Nothing in § 134 forbids this trial court's consideration of alimony modification if the proper circumstances have been shown.

Courts have repeatedly and uniformly held that a bankruptcy discharge of a property settlement can amount to a change of circumstances warranting a modification in support alimony. *Richardson v. Richardson*, 868 P.2d 259 (Wyoming 1994); *Siragusa v. Siragusa*, 27 F.3d 406 (9th Cir.1994); Low v. Low, 777 S.W.2d 936 (Ky.1989); *In re Marriage of Myers*, 54 Wash.App. 233, 773 P.2d 118 (1989); *Eckert v. Eckert*, 144 Wis.2d 770, 424 N.W.2d 759 (App.1988); *Coakley v. Coakley*, 400 N.W.2d 436 (Minn.Ct.App.1987) See also *Borzillo v. Borzillo*, 259 N.J.Super. 286, 612 A.2d 958 (1992)(attorney's fees incurred as a result of defending a bankruptcy discharge can amount to a change of condition). In *Siragusa v. Siragusa*, 108 Nev. 987, 843 P.2d 807 (1992)(related to the above cited case), the Nevada Supreme Court held that a husband's property settlement obligation which had been discharged in bankruptcy could be considered a change of condition. There, the wife filed a motion for the modification of the divorce decree after the husband obtained a bankruptcy discharge of his property settlement obligations to her. The husband urged that a modification of the support alimony provisions would result in a re-imposition of debt that had been discharged by a bankruptcy court. The Nevada Supreme Court held that it indeed resulted in a change of circumstances, and that federal law did not prohibit the modification of a support alimony provision.

Similarly, in the present case Section 134 does not prohibit the modification of a provision if there is a sufficient showing that circumstances have changed and that the terms of the decree have become "unreasonable" with regard to either party. *Traczyk v. Traczyk*, 891 P.2d 1277 (Okla.1995). Al-

though the majority relies on *Jones v. Jones,* 402 P.2d 272 (Okla.1965) to support the proposition that a divorce decree cannot be modified to add a provision which was omitted, Jones has no application in the present case. Here, there was a provision in the decree pertaining to and denying support alimony. Modification of this provision does not require the addition of a provision; it merely changes the one already in existence.

I would answer the federal certified question in the affirmative.