*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2024**

In re the Marriage of:
Stephanie Kay Nelson, petitioner,
Respondent,

vs.

Steven John Nelson,
Appellant.

**Filed July 5, 2016
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-FA-14-8367

Judith L. Oakes, Sarah E. Pollex, Rogness & Field, PA, Oakdale, Minnesota (for respondent)

Jana Aune Deach, Moss & Barnett, A Professional Association, Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

# U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges a marriage-dissolution judgment, arguing that the district court erred by determining that money respondent received under an employment separation

agreement was nonmarital property, failing to award appellant a disproportionately larger share of the marital assets, and awarding insufficient spousal maintenance. We affirm.

## FACTS

Appellant Steven John Nelson and respondent Stephanie Kay Nelson were married on May 17, 2007, and are currently ages 54 and 49, respectively. The parties do not have children together, but wife has two children from a prior relationship. The parties separated following an altercation on Thanksgiving Day in 2014. Wife petitioned for dissolution of the marriage, and the district court held a pretrial conference on February 4, 2015.

The parties submitted the disputed issues to the district court based on written submissions, including factual stipulations. They stipulated that wife had a profit-sharing plan through her employer, Metal-Matic, Inc. that had both a marital ($64,961.36) and a nonmarital ($197,383) component. They also stipulated that wife agreed to leave Metal-Matic pursuant to a Separation and Release Agreement (separation agreement) that would pay her $144,540 over a 24-month period starting on April 30, 2015.

Husband argued that the money wife received under the separation agreement was marital property and that he is entitled to one-half of the proceeds. In the alternative, he asked the district court to award him monthly spousal maintenance of $1,667 for 24 months. He also sought a disproportionately larger share of the marital assets or a portion of wife's nonmarital assets on the ground that wife had more financial resources. Wife asserted that the money she expected to receive under the separation agreement is not marital property, that husband is not entitled to spousal maintenance, and that she should

be reimbursed for various costs she incurred related to the parties' living expenses and the sale of the homestead.

On October 20, 2015, the district court issued a judgment and decree dissolving the marriage. The district court determined that the proceeds of wife's separation agreement are nonmarital property because the agreement was designed as a way for wife's family, the owners of Metal-Matic, to provide her with future financial support. The district court awarded wife $34,192.18 of the marital portion of her profit-sharing account and husband $30,769.18. The court awarded wife slightly more to compensate her "for her efforts at preserving the marital estate" after the parties separated. And the district court awarded husband temporary spousal maintenance in the amount of $1,300 for a period of four months. Husband did not move for a new trial or amended findings. Husband appeals.

**D E C I S I O N**

**I.      The district court did not abuse its discretion in dividing the marital property.**

> **A.      The district court did not err by determining that money wife received under her separation agreement is nonmarital property.**

Any property acquired by one or both spouses subsequent to the marriage and before the valuation date of the case is presumed to be marital property. Minn. Stat. § 518.003, subd. 3b (2014); *Berenberg v. Berenberg*, 474 N.W.2d 843, 846 (Minn. App. 1991), *review denied* (Minn. Nov. 13, 1991). We review de novo whether property is marital or nonmarital, but defer to the district court's underlying findings of fact unless they are clearly erroneous. *Olsen v. Olsen*, 562 N.W.2d 797, 800 (Minn. 1997). We use an analytical, rather than mechanical, approach to determine whether property is marital or

3

nonmarital. *Grigsby v. Grigsby*, 648 N.W.2d 716, 721-22 (Minn. App. 2002), *review denied* (Minn. Oct. 15, 2002).

Husband relies on *Grigsby* to support his argument that the proceeds of wife's separation agreement are marital property. This argument is unavailing. In *Grigsby*, husband signed an employment-separation agreement after the valuation date. *Id.* at 719. Husband received approximately $1,800,000 in exchange for signing the agreement, which included a noncompete clause and waived all employment-related claims against his employer. *Id.* Using the analytical approach, this court determined that the separation payment was marital property because "[f]rom a general viewpoint, husband was in a position to seek the benefits of the agreement only because of his employment status, which commenced during the marriage." *Id.* at 723. And we observed that the dominant feature of the separation agreement was husband's release of his employer from claims arising during the course of his employment, which coincided with the marriage. *Id.*

In contrast, the district court found that wife's separation agreement was designed to enable her family to provide her future financial support, rather than obtain a release of employment-related claims. Husband argues that this finding is clearly erroneous. We disagree. While the separation agreement does contain release language, ample evidence supports the district court's finding. Wife's family owns Metal-Matic. The affidavits of both parties establish that wife's family historically provided her with monetary support. Husband's own affidavit states that wife "technically worked for her family's business, Metal Matic, Inc.," but "she never actually went to work." He asserted that wife "simply received a pay check and had a title and position" at Metal-Matic.

Because the district court's finding that the separation agreement was designed to allow wife's family to provide her with financial support is not clearly erroneous, we conclude the separation agreement is nonmarital property. Wife received the benefits of the separation agreement as a result of her family's desire to provide her with financial support. Unlike the husband in *Grigsby*, she was not in a position to seek the benefits only because of her employment status during the marriage. The separation agreement was properly considered nonmarital property.

**B.** **The district court did not abuse its discretion by declining to award husband a disproportionate share of the marital assets.**

Upon dissolution, "[t]he court shall make a just and equitable division of the marital property of the parties . . . after making findings regarding the division of the property." Minn. Stat. § 518.58, subd. 1 (2014). These findings must be based on all relevant factors, including the age, health, employability, needs, occupation, and income of each party. *Id.* And the court must "consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker." *Id.*

"A [district] court has broad discretion in evaluating and dividing property in a marital dissolution and will not be overturned except for abuse of discretion." *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). "We will affirm the [district] court's division of property if it had an acceptable basis in fact and principle even though we might have taken a different approach." *Id.* "An equitable division of marital property is not

5

necessarily an equal division." *Crosby v. Crosby*, 587 N.W.2d 292, 297 (Minn. App. 1998), *review denied* (Minn. Feb. 18, 1999).

Husband argues that the district court abused its discretion because he "was entitled to a disproportionate share of the marital property to allow for an equitable division of the total [marital and nonmarital] estate." We are not persuaded that the district court failed to consider all of the relevant factors or otherwise abused its discretion. The district court was required to make a just and equitable division of the marital property, not of all resources available to the parties.[1] Minn. Stat. § 518.58, subd. 1. The district court noted that husband provided no support for his proposed distribution other than the bare assertion that wife would have more total assets if the marital property were equally divided because she had significant nonmarital property.

It is undisputed that wife has been permanently and significantly disabled since suffering a stroke several years prior to the marriage. And the record supports the district court's finding that husband's temporary disability has abated and he can re-enter the workforce. The district court also noted that husband did not provide any evidence to support his argument that he needed the money to repay his family for his living expenses. Finally, the district court chose to award wife slightly more of the marital property because she made efforts to preserve its value during the dissolution proceeding. These are all

---

[1] A district court may award up to half of one spouse's nonmarital property if it determines that the other spouse's "resources or property . . . are so inadequate as to work an unfair hardship." Minn. Stat. § 518.52, subd. 2 (2014). Husband sought an award of wife's nonmarital property, but the district court denied the request after determining it was not necessary to prevent unfair hardship. Husband does not challenge this determination on appeal.

relevant factors to be considered under Minn. Stat. § 518.58, subd. 1. Because the district court's decision had an acceptable basis in fact and principle, we discern no abuse of discretion.

**II.     The district court did not abuse its discretion by awarding husband spousal maintenance of $1,300 per month for four months**.

A district court may award spousal maintenance if a spouse demonstrates that he does not have sufficient resources to provide for his reasonable needs or cannot reasonably provide adequate self-support. Minn. Stat. § 518.552, subd. 1 (2014); *Robert v. Zygmunt*, 652 N.W.2d 537, 544 (Minn. App. 2002), *review denied* (Minn. Dec. 30, 2002). Such awards must be in an amount and duration that the district court deems just after considering the ability of the recipient to provide for his needs independently, the age and health of the recipient, the standard of living during the marriage, the length of the marriage, the contribution of both parties to marital property, and the resources of the obligor. Minn. Stat. § 518.552, subd. 2 (2014). "The purpose of a maintenance award is to allow the recipient and the obligor to have a standard of living that approximates the marital standard of living." *Peterka v. Peterka*, 675 N.W.2d 353, 358 (Minn. App. 2004).

We review a district court's spousal-maintenance award for an abuse of discretion. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). We view the evidence in the light most favorable to the district court's findings and defer to its credibility determinations. *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000). Findings of fact related

7

to spousal maintenance will be upheld unless they are clearly erroneous. *Gessner v. Gessner*, 487 N.W.2d 921, 923 (Minn. App. 1992).

Husband challenges both the amount and duration of the maintenance award. And he asserts that the district court erred as a matter of law by not reserving jurisdiction over the issue of maintenance, effectively preventing him from seeking modification or extension of the award. We address each argument in turn.

**Amount of Award**

Husband argues he is entitled to spousal maintenance in the amount of $1,667 per month, which does not come "close to the marital standard of living." We disagree. Husband initially submitted a list of monthly expenses totaling $1,450. The district court rejected husband's claimed expenses of $100 per month for clothes and $100 per month for restaurants as inconsistent with the parties' lifestyle during the marriage. The district court determined that $1,300 per month would be an appropriate amount.

We agree with the district court that the record contains little information about the parties' lifestyle and standard of living during the marriage. But the parties chose to present the case based on written submissions, and those submissions support the district court's finding. Husband's affidavit states that finances were always tight, and the parties used an annual gift of $20,000 from wife's grandparents to catch up on their bills. Wife similarly averred that money was an issue for most of the marriage. On this record, we conclude the

district court did not abuse its discretion by awarding spousal maintenance in the amount of $1,300 per month.

**Duration of Award**

Husband contends that he is entitled to spousal maintenance for a period of 24 months, "which reflects the time necessary for [him] to find suitable employment and become self-sustaining." This argument is unavailing. As the district court cogently noted, husband did not explain why he needed 24 months to become self-supporting, or describe what, if any, training or education he planned to seek. Nor did he submit evidence to support his claim that he was trying his hardest to find a job, or provide information about his peak earning years.

The district court found that low-level positions in the restaurant industry were appropriate for husband based on his prior employment. The district court also found that husband did not forgo earnings or employment opportunities during the marriage, nor did his education, skills, or experience become outmoded during the parties' relatively short marriage. Finally, the district court noted it was "struck by" wife's assertion that husband was unwilling to work during the marriage despite her requests that he obtain employment. This belies husband's assertion that he was a traditional homemaker during the marriage.

We conclude the district court did not abuse its discretion by awarding husband spousal maintenance for a period of four months. The court's findings of fact are not

clearly erroneous, and the court's analysis is consistent with the statutory factors delineated in Minn. Stat. § 518.552, subd. 2.

**Failure to Reserve Jurisdiction**

Husband argues that the district court committed legal error by effectively preventing husband from seeking a modification or extension of the spousal-maintenance award. The October 2015 dissolution judgment directs spousal maintenance to be paid for four months starting on May 1, 2015. Thus, by the time of the judgment, the four months that wife was responsible for spousal maintenance had already passed. Husband argues that this prevented him from seeking modification or extension of the award because a district court does not have jurisdiction to consider such a request when there is no existing obligation and the court has not reserved jurisdiction. *Eckert v. Eckert*, 299 Minn. 120, 125, 216 N.W.2d 837, 840 (1974). We are not persuaded.

As discussed above, we have considered husband's arguments concerning both the amount and duration of the maintenance award and find them to be without merit. Husband was therefore not prevented from obtaining judicial review of the maintenance award.

**Affirmed.**