In re the Marriage of Edward H. KEATING, Jr., Petitioner, Appellant,

v.

Donna E. KEATING, Respondent.

No. C6–89–399.

Court of Appeals of Minnesota.

Aug. 29, 1989.

Review Denied Oct. 25, 1989.

A. Larry Katz, Brian L. Sobol, Katz, Davis, Manka & Haugan, Minneapolis, for appellant.

Mary Anne Wray, Farrish, Johnson & Maschka, Minneapolis, for respondent.

Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and THOREEN *, JJ.

## OPINION

HUSPENI, Judge.

The parties entered into a stipulation defining the amount and term of maintenance payments owed to wife. Prior to the end of the term, wife's motion for modification of the maintenance award was granted. Husband brought a motion to reconsider in light of *Karon v. Karon*, 435 N.W.2d 501 (Minn.1989). The trial court denied husband's motion and he appeals therefrom. We affirm.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

Appellant Edward Keating and respondent Donna Keating were married on November 7, 1953, and the decree of dissolution was entered on July 2, 1981. The parties were 56 and 53 years old respectively in 1981 when they stipulated that respondent would receive maintenance as follows: $1,200.00 per month for 24 months; $1,000.00 per month for the next 24 months; and $500 per month for 48 months, with payments terminating in August 1989.

The critical provisions of the 1981 decree read as follows:

Upon fulfilling the obligation of spousal maintenance as set forth hereinabove, each of the parties waives any claim to additional spousal maintenance from the other, which waiver shall be complete and final as of the times referred to herein and in all other respects.

The decree further read:

That each party hereto has released the other of and from any and all claims, demands, actions, causes of action, or obligations of any and every nature whatsoever, past, present or future, growing out of or arising from the marital relationship between the parties, except such claims, demands, actions, causes of action, or obligations which are provided for herein or may arise hereunder.

On August 16, 1988, respondent brought a motion seeking to extend the duration of the maintenance payments and to increase the amount. The trial court granted respondent's motion and ordered permanent monthly maintenance payments of $1,200.00, retroactive to May 11, 1988, the date of service of respondent's motion upon appellant. An amended decree was filed December 6, 1988.

Appellant's motion to reconsider the maintenance modification in light of the supreme court's January 30, 1989 release of *Karon v. Karon,* 435 N.W.2d 501 (Minn. 1989) was denied and he appeals from the amended decree.

## ISSUES

1. Did the trial court have jurisdiction to alter appellant's maintenance payments?

2. If the trial court had jurisdiction, was it permitted only to increase the amount of temporary maintenance payments and not to extend the payments by granting permanent maintenance?

3. Did the trial court err in awarding monthly maintenance of $1,200?

## ANALYSIS

■ 1. Respondent's motion to modify the maintenance award was brought pursuant to Minn.Stat. § 518.64, subd. 1 (1988) which reads in pertinent part:

After an order for maintenance or support money, temporary or permanent, * * * the court may from time to time, * * * modify the order respecting the amount of maintenance or support money, and the payment of it, * * * and may make an order respecting these matters which it might have made in the original proceeding, except as herein otherwise provided.

Section 518.64 gives the trial court continuing jurisdiction over dissolution proceedings and enables it to modify prior orders. However, appellant claims that Minn.Stat. § 518.64 notwithstanding, the waiver language of the parties' stipulation prevented the trial court from exercising continuing jurisdiction over the maintenance issue. We cannot agree and find appellant's reliance upon *Karon v. Karon,* 435 N.W.2d 501 (Minn.1989) to be misplaced.

In *Karon* the parties stipulated that husband would make periodically decreasing maintenance payments for ten years. Within the Karons' stipulated decree was the following language:

Except for the aforesaid maintenance, each party waives and is forever barred from receiving any spousal maintenance whatsoever from one another, and this court is divested from having any jurisdiction whatsoever to award temporary or permanent spousal maintenance to either of the parties.

*Karon,* 435 N.W.2d at 502.

In *Karon,* respondent's motion to increase maintenance and to make it perma-

nent was brought within the temporary maintenance period. The motion was granted by the trial court. The supreme court reversed, holding that the terms of the original decree denied the trial court any further jurisdiction over the matter.

The *Karon* court defined the issue as: whether one of the adult parties to a stipulation in a dissolution matter made in 1981, which was approved by the trial court and which settled all issues, including maintenance, and which further provided that the parties expressly waived any right to maintenance except as provided in the original agreement, may now re-open the issue of maintenance to seek an increase therein.

*Karon* at 503. The supreme court continued:

*Phrased in other words, we must decide whether the district court properly divested itself of jurisdiction over the issue in 1981.* We hold that it did.

*Id.* (emphasis added).

In the present case, appellant argues that, as in *Karon*, the parties' waiver was sufficient to divest the trial court of jurisdiction.· He further contends that in 1981 the Minnesota Supreme Court had already precluded modification of a maintenance award after the maintenance term expired. *See Eckert v. Eckert,* 299 Minn. 120, 126–27, 216 N.W.2d 837, 841 (1974), and therefore the parties' stipulation must have been intended to do more than merely waive the right to maintenance after August 1989. We cannot agree with either position set forth by appellant.

In *Karon* the stipulation contained both an immediate waiver of maintenance and specific language stating that the court was divested of jurisdiction. This court recently applied *Karon* and upheld a stipulated waiver of maintenance modification which had been incorporated into the dissolution decree. In *Berens v. Berens,* 443 N.W.2d 558, 563 (Minn.Ct.App.1989), the decree provided:

[*Joanne*] expressly waives all rights to modification of the maintenance ordered herein including but not limited to her

rights under Minnesota Statutes § 518.64 for modifications of orders and decrees.

(Emphasis added in *Berens*.) On appeal from the trial court's denial of Joanne Berens' motion to modify maintenance, this court stated:

Under *Karon*, either a binding contractual waiver or express language of divestment, when entered by a trial court, leads to a final judgment preventing the court from hearing future modification motions. *Karon,* 435 N.W.2d at 503. Here, the trial court entered Joanne's express waiver as part of its findings and decree. Thus it terminated her right to seek maintenance under *Eckert.* By adopting the terms of the stipulation and incorporating those terms in the decree, the court divested itself of jurisdiction to hear any claims for modification by Joanne. *See Karon,* 435 N.W.2d at 503.

*Id.* at 564.

The waiver in the present case is distinguishable from both *Karon* and *Berens.* The operative language in *Karon* contained both waiver of maintenance language and divestiture of jurisdiction language. The *Berens* waiver provided that "[Joanne] expressly waives all rights to modification of the maintenance ordered herein * * *." *Berens* at 563.

The stipulated decree in the present case states that "[u]pon fulfilling the obligation of the spousal maintenance as set forth," the parties waive additional maintenance, and that the "waiver shall be complete and final as of the times referred to herein and in all other respects." There is neither express divestiture language as in *Karon* nor is there an immediate waiver of the right to modify maintenance as in *Berens.* By the terms of the decree, the waiver in this case is not effective until completion of the maintenance obligation. Any attempt to bring this waiver within the rationale of *Karon* or *Berens* would result in rendering Minn.Stat. § 518.64 a nullity in those dissolutions where the waiver of modification is effective, not at the time of the decree, but at the termination of the payment of maintenance. We agree with the trial court's observation that "[i]t is not appropriate to

infer waiver in the absence of a clear intent to waive a statutorily conferred right." Pursuant to the language of the decree in this case, either party may seek modification under Minn.Stat. § 518.64 prior to August 1989. *See Eckert v. Eckert*, 299 Minn. 120, 216 N.W.2d 837 (1974).

■ 2. Appellant also argues that if the trial court does maintain any jurisdiction, it may only increase the amount of temporary maintenance, but may not award permanent maintenance and thereby extend payments beyond the stipulated term of years. Again, we disagree. Minn.Stat. § 518.64, subd. 1 permits the trial court to "make an order respecting these matters which it might have made in the original proceeding * * *." The trial court could have rejected the parties' stipulation and ordered permanent maintenance in the original proceeding. *Karon*, 435 N.W.2d at 503. (The court may refuse or accept the terms of a stipulation.) Pursuant to and in compliance with the requirements of section 518.64, the trial court in the present case had the authority to order any maintenance it could have ordered originally, including permanent maintenance.

■ 3. Finally, appellant argues that the trial court erred in finding that there had been a substantial change in circumstances rendering the terms of the 1981 decree unreasonable and unfair because all of the circumstances relied upon by the court either existed or were contemplated by the parties at the time of their stipulation. While modifying a maintenance award, the court shall consider all relevant factors set forth in section 518.64 and also those factors used in determining an award for maintenance listed in Minn.Stat. § 518.552, subd. 2 (1988). *See* Minn.Stat. § 518.64, subd. 2 (1988). The modification of a maintenance award will not be reversed absent an abuse of the trial court's discretion. *Bissell v. Bissell*, 291 Minn. 348, 351, 191 N.W.2d 425, 427 (1971).

■ In the memorandum accompanying its order, the trial court made the following findings:

1) that husband's income had increased 31.8% between 1981 and 1988, from $96,339 to $126,941; 2) that wife's income had decreased due to a decline in interest income generated by investments made from wife's property distribution after the dissolution and that wife's $500 decrease in monthly expenses was due to a decrease in wife's standard of living; 3) that wife sold the town house awarded her after the dissolution because she could not afford the mortgage payments and has since had to pay increasing rent; and 4) that the cost of living in Minneapolis–St. Paul had increased 28.8% from 1981 to 1988.

The court further determined that application of the factors set forth in section 518.552 supported a finding of changed circumstances rendering the 1981 decree unfair and unreasonable. The trial court's findings are supported by the evidence and it did not abuse its wide discretion.

## DECISION

The trial court did not divest itself of jurisdiction over the issue of maintenance and it did not abuse its discretion in awarding $1,200 per month permanent maintenance.

Affirmed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. Admittedly, the stipulation incorporated into the decree in the present case neglected to use the magic words expressly divesting the court of jurisdiction as in *Karon v. Karon*, 435 N.W.2d 501, 502 (Minn.1989). However, the language waiving further maintenance in this case is clear and concise and leaves no room for doubt as to what the parties intended and agreed to, namely, to only provide respondent with maintenance for a period of ten years.

"The fundamental approach for construing contracts is to allow the intent of the parties to prevail." *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn. 1979) (citations omitted).

The parties entered into an agreement and should be bound by its terms. Parties in a dissolution,

especially when represented by counsel, must be expected to honor their contracts the same as anyone else. Any other holding would result in chaos in the family law field and declining respect for binding agreements as well.

*Karon,* 435 N.W.2d at 504. This court should enforce the agreement of the parties in this case.