**In re the Matter of Virginia Ann BORGESON, Petitioner, Respondent,**

**v.**

**Charles Alden BORGESON, Appellant.**

**No. C1–90–641.**

Court of Appeals of Minnesota.

Oct. 23, 1990.

Kathleen Worner Kissoon Law Office, Michael D. Dittberner, Bloomington, for appellant.

Lawrence D. Olson & Associates, Lawrence D. Olson, St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., FOLEY and SCHUMACHER, JJ.

## OPINION

CRIPPEN, Judge.

The dissolution decree incorporated a stipulation of the parties that appellant Charles Borgeson would pay respondent $400 per month maintenance until December 1989 and that respondent waived her right to further or additional maintenance. On appellant's challenge to the trial court's subsequent extension of maintenance, we reverse.

## FACTS

The marriage of appellant and respondent Virginia Borgeson was dissolved in 1985. As part of their settlement agreement appellant agreed to pay respondent $400 per month maintenance until December 31, 1989. Respondent agreed to waive her right to additional maintenance payments. The stipulation stated:

> That immediately upon December 31, 1989, [appellant]'s eligibility to receive Civil Service Retirement benefits * * *, [appellant]'s receipt of any Civil Service Retirement benefits * * *, or [respondent]'s death or remarriage, whichever first occurs, [appellant] shall pay no further or additional temporary or perma-

nent maintenance to [respondent], and [respondent] does hereby waive any right to have [appellant] pay her any further or additional temporary or permanent maintenance.

The dissolution court incorporated the stipulation into the dissolution decree.

Appellant could have taken early retirement in December 1989, but he chose not to retire. In October 1989, respondent brought a motion to extend the maintenance payments. On the trial court's decision to grant respondent's motion, the earlier dissolution decree was amended to delete all references to a December 31, 1989 termination date and to reflect that maintenance would terminate when appellant became eligible for retirement benefits.

The trial court found that respondent's waiver of future maintenance did not evidence a "clear and distinct intent * * * to divest the Court of any right to extend the period of maintenance" as upheld in *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989).

## ISSUE

Did the trial court abuse its discretion by extending respondent's maintenance award?

## ANALYSIS

A court is divested of jurisdiction over modification of a maintenance award if a party waives the right to future maintenance in the original judgment and decree. *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989). In *Karon*, the parties entered into a stipulation stating:

"Except for the aforesaid maintenance, each party waives and is forever barred from receiving any spousal maintenance whatsoever from one another, and this court is divested from having any jurisdiction whatsoever to award temporary or permanent maintenance to either of the parties."

*Id.* at 502.

*Karon*'s waiver principle has since been applied to agreements that do not specifically divest the court of jurisdiction. In *Berens v. Berens*, 443 N.W.2d 558, 563

(Minn.App.1989), *pet. for rev. denied* (Minn. Sept. 27, 1989), this court held that a trial court is divested of jurisdiction even if the maintenance agreement simply waived the recipient's right to obtain modification. The waiver given force in *Berens* stated:

"[The recipient] expressly waives all rights to modification of the maintenance ordered herein including but not limited to her rights under Minnesota Statutes § 518.64 for modifications of orders and decrees."

*Id.* at 563. The *Berens* court ruled that the waiver effectively divested the court of jurisdiction to modify maintenance:

[E]xpress language of divestment is not the only way a trial court may exercise its power to divest itself of jurisdiction over maintenance issues. An original decree constitutes a final judgment if it has the res judicata effect of preventing the court from hearing the modification motion. *Karon*, 435 N.W.2d at 503. In essence, by entering a judgment which is *final* against a party, the trial court divests itself of jurisdiction.

*Id.* at 563 (emphasis in original).

Although it cited *Berens* in support of its decision, the trial court inexplicably concluded that a court will only lose jurisdiction over a maintenance modification if the parties specifically stipulate that the court is divested. We follow *Berens*.

The trial court also cites *Keating v. Keating*, 444 N.W.2d 605 (Minn.App.1989), *pet. for rev. denied* (Minn. Oct. 25, 1989), in support of its decision to disregard respondent's waiver. *Keating* is inapposite, holding that a future waiver of maintenance did not divest the court of jurisdiction. *Id.* at 607–08. The dissolution stipulation in *Keating* provided that after all maintenance payments were made, the recipient then waived all claims to additional maintenance:

"Upon fulfilling the obligation of spousal maintenance as set forth hereinabove, each of the parties waives any claim to additional spousal maintenance from the other, which waiver shall be complete and final as of the times referred to herein and in all other respects."

*Id.* at 606. In contrast, the waiver here is written in the present tense and states that respondent "does hereby waive" any future maintenance. This interpretation of the waiver is consistent with the dissolution court's finding that respondent "has" waived any right to any further or additional temporary or permanent maintenance.

Because this stipulation divested the court of jurisdiction to consider maintenance modifications, the trial court could not extend respondent's maintenance award. When the dissolution court incorporates a stipulation into its final decree, it becomes the law of the case and must be respected by future trial courts. *Karon,* 435 N.W.2d at 503.

We observe that *Karon* and *Berens* specifically involved the termination of jurisdiction of a court to consider modification of a maintenance award pursuant to Minn. Stat. § 518.64 (1988). As the trial court noted, the language of some prior decisions gives rise to the notion that extension of the term of temporary maintenance to reflect the recipient's failure to improve his or her circumstances may not be a modification. *See Karg v. Karg,* 418 N.W.2d 198, 201–02 (Minn.App.1988).[1] The questionable distinction between a modification and an extension does not affect the outcome of this case. Under *Karon,* the court loses jurisdiction to conduct any proceeding, regardless of its purpose, to change a decree's maintenance provisions. Moreover, the stipulation here was not tied to the provisions of Minn.Stat. § 518.64 (1988) but instead specifically surrendered the right to seek "any further or additional permanent or temporary maintenance."

Because of the disposition of this case, appellant's motion to strike an affidavit of respondent is moot and we therefore deny his motion. The record does not indicate

bad faith in submission of the affidavit and we decline to award appellant attorney fees for bringing his motion. We also decline to award appellant fees for his defense of respondent's motion to dismiss his appeal. Appellant's motion for these fees was not filed within fifteen days of this court's denial of respondent's motion and is thus untimely. Minn.R.Civ.App.P. 139.03.

## DECISION

The trial court erred in not giving effect to respondent's waiver of further or additional maintenance.

Reversed.

---

**1.** As the supreme court observed in *Nardini v. Nardini,* 414 N.W.2d 184, 198–99 (Minn.1987), it is difficult to justify modification because of changed circumstances when the need for modification arises solely because the recipient's circumstances have not changed and thus the need the recipient had at the time of the original decree continues. However, it has not yet been held that an extension of maintenance has a unique character that distinguishes it from a

modification. On the contrary, prior decisions simply hold that a change of circumstances justifying a modification can be demonstrated where the record shows the parties expected the recipient's circumstances to improve but those expectations were foiled by later events. *Rydell v. Rydell,* 310 N.W.2d 112, 115 (Minn.1981); *Rapacke v. Rapacke,* 442 N.W.2d 340, 343–44 (Minn.App.1989).