In re the Marriage of Carolyn J.
**MILLER, Petitioner,**
**Respondent,**

v.

**Robert James MILLER, Appellant.**

**No. C2-90-2396.**

Court of Appeals of Minnesota.

May 7, 1991.

Review Denied July 31, 1991.

James Metchnek and Robert J. Levy, Minneapolis, for appellant.

Lawrence R. Commers and Anne Meredith–Will, O'Connor & Hannan, Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

RANDALL, Judge.

Appeal from trial court's decision to reserve jurisdiction over maintenance after entry of dissolution judgment and decree limiting jurisdiction. Appellant asserts the trial court erred in reserving and extending jurisdiction over maintenance and payment of health insurance premiums for an additional five years despite language in the marital termination agreement, adopted by the original judgment and decree, limiting future modification to one specific instance. We reverse.

## FACTS

The parties were married on June 1, 1957. In 1983, the parties began steps to dissolve the marriage. Prior to the dissolution matter coming before the trial court in 1984, the parties and their counsel executed a marital termination agreement (MTA). The agreement contained the following provisions relevant to this appeal:

\* \* \* \* \* \*

WHEREAS, the parties hereto desire, subject to the approval of the Court, to make a complete adjustment of all property rights, *spousal maintenance,* attorneys' fees and Court costs, and *all other claims of every kind and nature now existing, or ever to exist,* between the parties hereto:

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties hereto, as follows:

1. *General Provisions.*

\* \* \* \* \* \*

b. Each of the parties hereto has been and is now represented by legal counsel of his and her individual choice, and with the advice of such counsel, has entered into this Agreement intending that it be a full, complete and final settlement and satisfaction of any and all claims of every kind, nature and description to which either party may be entitled, or may claim to be entitled, now or in the future, against the other, and except as is expressly provided herein to the contrary, each is released from any and all further liability of any kind, nature or description whatsoever to the other.

\* \* \* \* \* \*

d. \* \* \* If this agreement is approved by the Court and if the Court grants dissolution to the parties herein, the terms of this Agreement shall be made a part of any Decree issued, by reference, whether or not each and every portion of this agreement is literally set forth in said Decree.

\* \* \* \* \* \*

2. *Spousal Maintenance.*

a. \* \* \* The amount of the monthly payments provided for herein shall not be subject to increase nor shall the duration of the payments be subject to extension; provided, however, that Petitioner [respondent] shall be entitled to seek modification *only* if, on or before January 1, 1990, Petitioner [respondent] becomes permanently physically or mentally disabled from pursuing *any* employment for which she is educated, trained or otherwise suited.

\* \* \* \* \* \*

(Emphasis added).

The marriage of the parties was dissolved by judgment and decree issued on

December 21, 1984. The trial court in its judgment and decree incorporated the marital termination agreement (MTA) executed by the parties and their attorneys. The December 21, 1984, order for judgment and judgment and decree contains the following relevant provisions:

## FINDINGS OF FACT,

## CONCLUSIONS OF LAW AND

## ORDER FOR JUDGMENT

* * * [T]his matter was heard as a default pursuant to the Stipulation entered into between the parties herein dated the 19th day of December, 1984, *which Stipulation is incorporated herein and made a part hereof.*

16. That the provisions contained in the Judgment and Decree shall be in full and complete satisfaction and settlement of any and all claims of every kind, nature and description, including property settlement claims, which either of the parties may be entitled or claim to be entitled to, and each of the parties is released from any and all further liabilities of any nature, kind and description whatsoever to the other party, *except as may be otherwise provided for in the Judgment and Decree.*

(Emphasis added).

## JUDGMENT AND DECREE

* * * [T]he Court *having considered and approved the Stipulation of the parties* and having entered its Findings of Fact, Conclusions of Law and Order for Judgment dated December 20, 1984, on said Findings of Fact, Conclusions of Law and Order for Judgment, and on the motion of counsel for petitioner,

IT IS ORDERED, ADJUDGED AND DECREED:

\*   \*   \*   \*   \*   \*

2. * * * The amount of the monthly [maintenance] payments provided for herein shall not be subject to increase nor shall the duration of the payments be subject to extension; provided, however, that Petitioner [respondent] shall be entitled to seek a modification *only* if, on or before January 1, 1990, Petitioner [respondent] becomes permanently physically or mentally disabled from pursuing *any* employment for which she is educated, trained or otherwise suited.

(Emphasis added).

At the time of the original judgment and decree, respondent was a full-time student at the College of St. Catherine. She received double undergraduate degrees in psychology and theology in the spring of 1985. In 1988, respondent received a master's degree in counseling and psychological services.

From May 1988 through August 1989, respondent worked as a private contractor psychotherapist for the Central Center for Family Resources in Spring Lake Park, Minnesota. She also worked as an R.N. child birth educator for Hennepin Technical Centers. On August 28, 1989, respondent began working for Metropolitan–Mt. Sinai Medical Center in the Behavior Health Services division located in Fridley, Minnesota. Her position with Behavior Health Services is as an R.N., M.A. psycho-therapist at an hourly rate of $15.38. Based on a 40 hour work week respondent's annual salary is approximately $32,000.00. She is still employed at that same job.

On November 9, 1989, respondent was diagnosed as having breast cancer. On November 13, 1989, she underwent a modified radical mastectomy of one breast. Respondent began chemotherapy on December 9. Her therapy schedule provided for treatment on two consecutive Fridays and then skipping two Fridays. The therapy was set to terminate the end of May 1990.

During the chemotherapy treatment, respondent missed four hours of work per month. Following treatments she experienced physical side-effects of fatigue, nausea and vomiting. The cancer required respondent to discontinue taking estrogen medication for menopausal symptoms, and she suffered hot flashes and some sweating at nights.

Respondent will be required to have x-rays of her lungs, bone marrow and liver every six months through 1992 as a means of monitoring the disease. Respondent also has a lump in her other breast that will need to be monitored during the course of recovery. Throughout treatment, respondent continued to work for Behavior Health Services.

On December 27, 1989, respondent served appellant, Robert James Miller, with notice of motion to reserve jurisdiction on the matters of spousal maintenance and the provision and payment of health insurance premiums. Respondent filed her motion seeking the reservation of jurisdiction four days before appellant's rehabilitative spousal maintenance obligation was to terminate (appellant was completely current and paid up for the maintenance obligation at this time). Respondent did not assert that she was permanently disabled from any employment, and did not move for modification of maintenance. She merely requested the trial court to continue jurisdiction after the five-year period was up. Respondent argued, in so many words, that although she was not permanently disabled as of December 27, 1989, she was now sick and could possibly become permanently disabled at some unspecified time in the future. She requested the trial court to reserve jurisdiction over future maintenance and payment of health insurance through 1995. Appellant opposed the motion. He asserted the MTA and original judgment and decree precluded any modification or extension of spousal maintenance unless the limited exception of permanent disability was found as a fact.

On October 8, 1990, the trial court granted respondent's motion and issued an order reserving jurisdiction over the issues of spousal maintenance and health insurance for respondent for a period of five years. The trial court based its order on its conclusion of law that the MTA, as incorporated into the original judgment and decree, "was not effective to waive modification of spousal maintenance because it contained neither an immediate waiver nor divestiture [of the district court's jurisdiction] language." In its accompanying memoran-

dum, the trial court explained its rationale as follows:

In the instant case, the stipulation does not provide any language expressly divesting the court of jurisdiction. Thus, the issue before the court is whether the stipulation provided for a waiver of the right to modification of maintenance before the termination of the maintenance obligation.

In this case, the waiver only applied if Petitioner [respondent] did not become permanently or physically disabled such that she was unable to pursue employment for which she was trained, educated or otherwise suited. Therefore, unlike the waivers in [*Karon v. Karon*, 435 N.W.2d 501 (Minn.1989)] and [*Berens v. Berens*, 443 N.W.2d 558 (Minn.App.1989), *pet. rev. denied*, (Minn. Sept., 27, 1989)], the waiver in this case was not immediate. Instead, like [*Keating v. Keating*, 444 N.W.2d 605 (Minn.App.1989), *pet. rev. denied*, (Minn. Oct. 25, 1989)] the waiver was conditional and was not intended to be effective until spousal maintenance terminated.

Since there was neither express language of divestment nor an immediate waiver, the district court retained jurisdiction over the issue of spousal maintenance and may now make an order which it could have made in the original decree. * * * The court could have originally ordered the issue of spousal maintenance to be reserved upon the termination of temporary maintenance.

Pursuant to the original judgment and decree, appellant has ceased making monthly rehabilitative spousal maintenance payments. No specific modification to appellant's spousal maintenance obligation has ever been sought or granted.

## ISSUE

Where the original judgment and decree incorporated a marital termination agreement that provided respondent may obtain a modification of the spousal maintenance award only if she were permanently physically or mentally disabled prior to January

1, 1990, from performing any employment, did the trial court err as a matter of law when it reserved jurisdiction to modify spousal maintenance during a five year period beyond the termination date of appellant's spousal maintenance obligation?

## ANALYSIS

The trial court drew conclusions of law and issued an order reserving jurisdiction over issues of spousal maintenance and the provision and payment of health insurance for the respondent. No actual modification of appellant's spousal support obligation has been made or sought. This case involves only questions of law, and this court need give no deference to the conclusions drawn by the trial court. *A.J. Chromy Const. Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

■ A trial court's authority to modify spousal maintenance obligations has limits. The Minnesota Supreme Court noted in *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn. 1989):

> [P]arties may stipulate to waive all maintenance at the time of the initial decree and that the courts are without authority to award it in the future. * * * Likewise, we have held that if maintenance is awarded and the term has expired, the court is equally without authority to award further maintenance.

(Citations omitted). The line of cases which follow *Karon* established the principle that a trial court may be divested of the jurisdiction to modify spousal maintenance awards when it incorporates into a judgment and decree stipulated language expressly divesting the court of future jurisdiction, or the incorporated stipulation contains an immediate waiver of the recipient's right to obtain modification of maintenance. *See Borgeson v. Borgeson*, 461 N.W.2d 402, 403 (Minn.App.1990).

It is not the existence of the parties' stipulation which divests the district court of future jurisdiction over modification of maintenance. It is the district court's independent exercise of its own authority which operates to bar future modification of maintenance. In *Karon*, the supreme court stated:

> It is not the parties to the stipulation who have divested the court of ability to relitigate the issue of maintenance. *The court had the authority to refuse to accept the terms of the stipulation in part or in toto.* The trial court stands in place and on behalf of the citizens of the state as a third party to dissolution actions. It has a duty to protect the interests of both parties and all the citizens of the state to ensure that the stipulation is fair and reasonable to all. *The court* did so here and *approved the stipulation and incorporated the terms therein in its decree. Thus, the decree is final absent fraud.*

*Karon*, 435 N.W.2d at 503 (emphasis added).

The trial court's conclusion of law and respondent's arguments before this court appear to be premised on the assumption that a trial court's divestment of future jurisdiction over maintenance must be all or nothing. Respondent argues that because the stipulation, as adopted by the original trial court, provides a narrow circumstance under which respondent would be able to seek modification of the maintenance provisions, she may now ask a court to extend the time period in which disability "could happen," even though it has not happened, past the five year period bargained for by the parties.

■ The MTA, as incorporated by the original trial court, sets out the specifically bargained for intention of the parties. With the aforementioned one exception, all other claims are settled. Spousal maintenance was singled out for discussion. The unambiguous language of both the MTA and the original judgment and decree are clear that with *one* limited exception respondent waived all right to seek an extension or modification of spousal maintenance. The exception is clear. If respondent became permanently disabled prior to January 1, 1990, and was unable, because of such disability, to perform *any* employment for which she was qualified, the trial

court could act. The plain language of the MTA and the original judgment and decree do not provide for any other reservation over maintenance.

The *Karon* opinion made it clear a district court may selectively adopt provisions from stipulations which have the effect of limiting a future court's authority. Just as the original trial court had "the authority to refuse to accept the terms of the stipulation [here] in part or *in toto,*" *Karon,* 435 N.W.2d at 503 (emphasis in original), there is no limitation on the trial court's authority to selectively limit future jurisdiction within any single issue. The original MTA expressly limited the possibility of modification of maintenance to one narrow circumstance, and the original trial court approved the stipulation and incorporated it into its decree. "Thus, the decree is final absent fraud." *Id.*

Respondent and the trial court point to this court's opinion in *Keating v. Keating,* 444 N.W.2d 605 (Minn.App.1989), *pet. for rev. denied* (Minn. Oct. 25, 1989) as authority for the proposition that the trial court here was not effectively divested of jurisdiction. The *Keating* opinion distinguished the stipulated decree in that case from the ones in *Karon* and *Berens v. Berens,* 443 N.W.2d 558, 563–64 (Minn.App.1989), *pet. for rev. denied* (Minn. Sept. 27, 1989) (Although incorporated stipulation did not contain specific language divesting court of future jurisdiction over spousal maintenance, wife had stipulated a waiver of rights to seek future modifications of maintenance effective upon entry of judgment. Waiver held sufficient to divest trial court of future jurisdiction.).

The waiver of the obligee's right to seek modification of maintenance in *Keating* was, by its language, to become effective only upon completion and termination of the husband's entire maintenance obligation as set out in the decree. Therefore, this court found the trial court retained jurisdiction to entertain motions for modification made prior to completion and termination of the ongoing maintenance obligation. *Keating,* 444 N.W.2d at 607–08.

This is not a *Keating* case. Unlike *Keating,* appellant here had completely performed his five year obligation of spousal maintenance. Respondent did make her motion with four days left in the five year period, but her motion was not made on the basis that appellant's obligation continued to run because she was now permanently disabled from all employment. She neither claimed to be without employment because of permanent disability nor did she move the court for a hearing to determine evidence of permanent disability. She did not make the one key claim which, if found in her favor, would have extended the court's right to modify maintenance after January 1, 1990. She merely moved the court to lengthen the time from five years to ten years in which evidence of a claimed permanent disability could be looked at. No such five year extension was bargained for in the stipulation and the trial court incorporated no such five year extension in the judgment and decree at issue.

The record discloses no offer of proof that she was permanently disabled from all employment on January 1, 1990. The trial court made no such finding. Respondent's motion to merely reserve future jurisdiction over maintenance was not within the contemplation of the MTA and was not incorporated into the original judgment and decree.

> Parties in a dissolution,
> especially when represented by counsel, must be expected to honor their contracts the same as anyone else. Any other holding would result in chaos in the family law field and declining respect for binding agreements as well.

*Karon,* 435 N.W.2d at 504.

This case is controlled by *Karon* which recognizes a trial court's authority to accept self-imposed future jurisdictional limitations. The trial court had the authority to conduct a factual inquiry as to whether respondent was permanently physically or mentally disabled from any employment on or before January 1, 1990. The trial court conducted no such inquiry. Its jurisdiction was limited to that exception by the terms of the original judgment and decree.

The trial court did not address the factual issue of whether respondent was permanently physically or mentally disabled within the meaning of the MTA and original judgment and decree. The only findings recounted respondent's treatment for breast cancer and noted "[i]t is uncertain how long Petitioner [respondent] will have the strength and health to continue working."

The record on review makes it clear that if a factual hearing on permanent disability and unemployment had been held, none would have been found. The evidence that respondent has a serious illness is not discounted, and we recognize it. She had cancer and received a series of treatments. She does have some degree of disability in the movement of her arm. But the impact of surgery, the cancer, and its subsequent treatment, did not permanently physically disable her from "pursuing any employment for which she is educated, trained or otherwise suited." Although respondent was sick, she continued working full time with the exception of a few hours off each month for treatment, and to this day still holds the same job. The affidavit from her treating physician makes no recommendation for respondent to permanently cease working.

Respondent was not permanently disabled from providing for herself prior to January 1, 1990, the date specified in the MTA and the same date incorporated by the trial court in the dissolution judgment and decree. Respondent did not move the court to make such a finding, and the trial court made no such finding. The trial court improperly expanded the limitation on jurisdiction that the parties had bargained for and that the trial court itself had expressly considered, accepted, and incorporated in the judgment and decree.

## DECISION

The marital termination agreement, as incorporated by the trial court in the dissolution decree, limited jurisdiction of future trial courts on the issue of maintenance to a consideration of whether respondent was permanently physically or mentally dis-

abled from pursuing any employment on or before January 1, 1990. Respondent was not permanently physically or mentally disabled from pursuing employment on that date. The trial court was without authority to reserve jurisdiction over maintenance for an additional five years beyond the termination date.

Reversed.