In re the Marriage of Deborah A. GESSNER, Petitioner, Respondent,

v.

John M. GESSNER, Appellant.

No. C1–92–708.

Court of Appeals of Minnesota.

Aug. 18, 1992.

Richard D. Goff, Sonja Trom Eayrs, St. Paul, for respondent.

Louis M. Reidenberg, Jeffrey R. Arrigoni, Reidenberg & Arrigoni, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and CRIPPEN and NORTON, JJ.

## OPINION

CRIPPEN, Judge.

The trial court modified a prior judgment to give permanent maintenance to respondent Deborah Gessner. Appellant John Gessner challenges the award, claiming that the parties waived any right to seek permanent maintenance and that in any case the circumstances do not warrant a permanent award. Respondent challenges the amount of the award.

## FACTS

The parties were married for approximately 18 years before their marital relationship was dissolved in 1984. Appellant was the primary wage earner and respondent was principally a homemaker, although respondent was employed outside of the home during the latter part of the marriage and earned nearly $23,000 in 1983. Accordingly, the judgment provided for decreasing temporary monthly spousal maintenance payments of $1400 for two years, $1200 for the next two years, $600 for the next year, and $250 for the two years through August 1991.

After the dissolution, respondent desired a career change and sought to finish her educational training. However, due to various factors, she was unable to complete her coursework. During this period she also worked at a number of jobs and eventually was hired for her present position as a vocational counselor. Respondent still seeks to obtain advanced education even though she believes it will not significantly improve her earning potential. During the same period, appellant also failed to achieve substantial earned income. However, appellant received over $50,000 annually on a nonmarital asset.

Currently, respondent earns approximately $21,000 per year from her job and receives over $8000 per year from a family

trust. Appellant receives nearly $60,000 per year from his nonmarital assets, but claims that he will have no job income for at least two years until he can become established in his new vocation as a psychologist.

In July 1991, respondent moved for an extension and increase of spousal maintenance or an award of permanent spousal maintenance. The trial court ordered the imposition of permanent spousal maintenance in the amount of $250, the amount last prescribed by the temporary spousal maintenance schedule contained in the judgment. The trial court found that respondent currently has reasonable monthly expenses of approximately $2100 and appellant has reasonable monthly expenses of approximately $3100–3200.

## ISSUES

1. Did the trial court err as a matter of law in determining that the parties had not agreed to a waiver of respondent's right to seek permanent spousal maintenance in the future?

2. Did the trial court abuse its discretion in awarding permanent spousal maintenance of $250 per month?

## ANALYSIS

### 1. Waiver of Jurisdiction

■■■■ A trial court may be divested of jurisdiction to modify spousal maintenance awards if the parties agree to such an express and immediate waiver. *Borgeson v. Borgeson,* 461 N.W.2d 402, 403 (Minn. App.1990); *see also Karon v. Karon,* 435 N.W.2d 501, 503 (Minn.1989); *Keating v. Keating,* 444 N.W.2d 605, 607–08 (Minn. App.1989), *pet. for rev. denied* (Minn. Oct. 25, 1989); *Berens v. Berens,* 443 N.W.2d 558, 563–64 (Minn.App.1989), *pet. for rev. denied* (Minn. Sept. 27, 1989). However, a review of these cases emphasizes the fact that in every case there has been an express waiver of rights otherwise provided under the modification provisions of Minn.

Stat. § 518.64 (Supp.1991). *See Borgeson,* 461 N.W.2d at 403 (reviewing terms of parties' agreements); *see also Telma v. Telma,* 474 N.W.2d 322, 323 (Minn.1991) (parties had agreed to an "unequivocal waiver"). None of the cases permit inference of a waiver from language merely setting temporary maintenance and denying permanent maintenance.

In the instant case, there has been no express divestiture of jurisdiction for the trial court to hear a modification motion. Moreover, the statement in the 1984 judgment that "neither Party is awarded permanent spousal maintenances, past, present or future," is a simple declaration that the decree only sets out a temporary maintenance schedule and nothing in the document should be construed as a statement of permanent maintenance benefits.

Absent the clear divestiture of jurisdiction, such as in *Karon* or *Berens,* we are not at liberty to assume that parties have specifically bargained to supplant the statutory modification procedures. In the circumstances here, because the language in the 1984 judgment did not waive respondent's right to seek modification, the trial court correctly concluded that respondent could presently petition for modification relief.

### 2. Other Issues

■■■ A court must find that there has been a significant change in the parties' circumstances and that the change renders the original decree unreasonable and unfair before the court can extend a temporary maintenance award or award permanent maintenance. Minn.Stat. § 518.64, subd. 2. However, the trial court has broad discretion in determining the level and duration of spousal maintenance. *Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983). Findings of fact concerning spousal maintenance must be upheld unless they are clearly erroneous. *Kottke v. Kottke,* 353 N.W.2d 633, 635 (Minn.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984).

The trial court found that: (1) it would be unjust to discontinue maintenance, (2)

respondent had maximized her income, (3) respondent's cost of living had substantially increased, (4) appellant's gross income had increased, and (5) respondent needed between $300–400 in additional income and appellant was able to provide between $100–300 of additional maintenance. Accordingly, the trial court amended the original judgment to provide that appellant shall pay respondent permanent spousal maintenance of $250 per month.

Appellant alleges that the trial court erred in awarding permanent maintenance because neither party's circumstances have changed significantly. Respondent also challenges the trial court's award, alleging that the amount of permanent spousal maintenance should be $600 rather than $250 per month.

The parties' allegations of error are groundless. The trial court's underlying findings of fact are not clearly erroneous. The record adequately supports the trial court's determination of spousal maintenance and neither party has demonstrated that this calculation represents an abuse of the trial court's discretion. Significantly, the trial court was unpersuaded that respondent's obligations had increased such as to justify a change in the maintenance amount from the last amount ($250) of specified temporary spousal maintenance.

■ The trial court only needed to find uncertainty concerning the future in order to justify an award of permanent maintenance. *See Nardini v. Nardini*, 414 N.W.2d 184, 198 (Minn.1987) (statute requires that uncertainty to "be met by an award of permanent maintenance with the order left open for future modification"). The record reveals that there is substantial uncertainty concerning respondent's likelihood of success in school or the business world, and a corresponding uncertainty in the likelihood of complete rehabilitation.

■ Finally, the failure of a spouse to rehabilitate may be a substantial change of circumstances under Minn.Stat. § 518.64. *Katter v. Katter*, 457 N.W.2d 750, 753 (Minn.App.1990). Appellant argues that such a finding cannot be supported in the present case because the trial court's order does not contain any specific findings of fact concerning respondent's attempts at rehabilitation, the reasonableness of her progress in obtaining further education, or the maximization of her earning potential. *See Rapacke v. Rapacke*, 442 N.W.2d 340, 343 (Minn.App.1989) (absent such findings, court cannot meaningfully review trial court's exercise of discretion). This contention is without merit.

The court specifically found that respondent had maximized her ability to support herself, justifying the trial court's conclusion that respondent had tried to rehabilitate herself but had not been able to fully succeed. In addition, appellants argument was specifically presented to and rejected by the trial court. Moreover, there is insufficient evidence to support appellant's assertions that respondent squandered resources or failed to make good faith efforts to rehabilitate herself. *See Maeder v. Maeder*, 480 N.W.2d 677, 680 (Minn.App.1992), *pet. for rev. denied* (Minn. Mar. 19, 1992) (party's age and professional background provided a "more plausible explanation" for failure to rehabilitate than deliberate refusal). Because this appeal was brought in good faith and not solely to harass respondent or delay the proceedings, respondent's request for attorney fees is denied.

## DECISION

The trial court did not err as a matter of law in determining that the parties had not agreed to a waiver of respondent's right to seek permanent spousal maintenance in the future. In addition, the trial court's award of permanent spousal maintenance in the amount of $250 per month is supported by the record.

Affirmed.