In re the Marriage of Carolyn
Sue MOORE, petitioner,
Respondent,

v.

Randall Scott MOORE, Appellant.

No. A06–1504.

Court of Appeals of Minnesota.

July 10, 2007.

Susan A. Daudelin, A. Larry Katz, Katz, Manka, Teplinsky, Due & Sobol, Ltd., Minneapolis, MN, for respondent.

Richard D. Goff, Richard D. Goff & Associates, Minneapolis, MN, for appellant.

Considered and decided by
PETERSON, Presiding Judge;
SHUMAKER, Judge; and ROSS, Judge.

## OPINION

PETERSON, Judge.

In this maintenance-modification dispute, appellant-husband Randall Moore argues that the district court lacked authority to address a motion to modify maintenance that was served and filed by respondent-wife Carolyn Moore after husband made his last maintenance payment as required. Husband also challenges the award of attorney fees to wife, arguing that the record does not show that wife lacks the ability to pay her own attorney fees. Because we conclude that the district court lost authority to modify maintenance by the time wife made her motion to modify maintenance and that the district court's finding that wife is unable to pay her attorney fees is not clearly erroneous, we affirm in part and reverse in part.

## FACTS

The 2001 judgment dissolving the parties' marriage awarded wife $2,990 in temporary monthly maintenance through May 2005, required husband to make his maintenance payments on the first and fifteenth of each month, "reserve[d] jurisdiction" to "revisit" maintenance, and stated that the reservation was not intended to preclude the parties from moving to modify maintenance under Minn.Stat. § 518.64. The judgment also stated that if the matter had not come back to the court at an earlier date, "a motion to revisit the maintenance award shall be properly noticed and served by [wife], with a hearing scheduled prior to June 1, 2005," and that "[i]f the matter does not come back before the Court prior to June 1, 2005, the maintenance ordered herein shall cease and the Court's reservation of jurisdiction shall end." The memorandum accompanying the judgment stated that wife needed more maintenance than was awarded to her to meet her reasonable monthly needs at the marital standard of living and that if adequate funds had been available, the dissolution judgment would have awarded wife four years of child support and spousal maintenance totaling a net monthly amount of $8,000, plus an additional year at a net monthly amount of $5,000.

In 2002, husband's annual income increased and, in a September 2002 order, the district court granted wife's modification motion and increased husband's maintenance obligation to $4,000 per month. Husband's employer stopped paying husband in November 2004, but husband still made all of his maintenance payments through May 15, 2005. On May 31, wife moved the district court to "extend" husband's maintenance obligation, but her motion did not indicate whether she sought to modify maintenance under Minn.Stat. § 518.64, or to "revisit" maintenance under the relevant judgment provision. Wife also sought attorney fees. Husband moved to dismiss wife's motion as untimely, arguing that when he made his last maintenance payment on May 15, the district court lost authority to address maintenance. The district court granted husband's motion to the extent that wife had moved to "revisit" maintenance, but denied husband's motion to the extent that wife had moved to "modify" maintenance under Minn.Stat. § 518.64 (2004).

In October 2005, the district court denied wife's motion to increase husband's maintenance obligation, denied wife's motion to extend husband's maintenance obligation, and suspended husband's maintenance obligation. The memorandum accompanying the order indicated that it appeared that there was a reasonable

chance that husband would, in the future, be paid his deferred salary, and the order required husband to make an irrevocable assignment to wife of an after-tax portion of the salary his employer had not paid him since November 2004. The amount of the assignment was to be $4,000 per month for each month from November 2004 to the date that husband's employer started paying husband again, capped at an amount equal to the difference between what wife had received from husband since the dissolution and what she would have received if, at the time of the judgment, funds had been available to award her the amounts necessary to allow her to meet her reasonable monthly expenses. The district court further stated that if husband proved that his employer was not going to pay him the unpaid salary, the district court would reserve maintenance.

Husband sought reconsideration, arguing that he did not owe maintenance arrears for the period November 2004 through May 2005 when wife made her motion. The district court denied that motion, stating that it was aware that husband did not owe arrears. After the dis-

trict court resolved other matters, including awarding wife need-based attorney fees, husband appealed.

## ISSUES

1. Did the district court lack authority to modify maintenance?

2. Did the district court abuse its discretion by awarding wife need-based attorney fees?

## ANALYSIS

### I.

■ Initially, we observe that because the district court's order increased both the amount of maintenance owed by husband and the period during which husband was liable for maintenance, the order modified husband's maintenance obligation.

■ Caselaw states that where there is no existing maintenance award and no reservation of "jurisdiction" over maintenance, the district court lacks "jurisdiction" to address maintenance.[1] *See, e.g., Loo v. Loo*, 520 N.W.2d 740, 745 (Minn. 1994) (stating that "[o]nce maintenance payments end, the court is without juris-

---

1. Numerous Minnesota appellate opinions refer to the fact that a district court can address maintenance only if a maintenance obligation exists or if the district court reserved the maintenance question. Many of those opinions further state that this limitation is a limitation on the district court's "jurisdiction." Recently, however, the United States Supreme Court, the Minnesota Supreme Court, and this court have all acknowledged that courts and parties often use concepts and language associated with "jurisdiction" imprecisely to refer to, among other things, non-jurisdictional claims-processing rules or non-jurisdictional limits on a court's authority to address a question. *See e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1242, 163 L.Ed.2d 1097 (2006) (noting that "[j]urisdiction ... is a word of many, too many, meanings" and giving examples of imprecise use of the term (quotation omitted)); *Eberhart*

*v. United States*, 546 U.S. 12, 126 S.Ct. 403, 405, 163 L.Ed.2d 14 (2005) (discussing distinction between jurisdictional rules and "claims-processing rules"); *Rubey v. Vannett*, 714 N.W.2d 417, 422 (Minn.2006) (noting same distinction as *Eberhart*); *In re Civil Commitment of Giem*, 727 N.W.2d 198, 202–03 (Minn.App.2007) (discussing imprecise use of term "jurisdiction"), *review granted* (Minn. Apr. 25, 2007). The outcome of this appeal will be the same whether the district court lacked subject-matter jurisdiction to address wife's motion to modify maintenance or lacked authority to address her motion. Therefore, we need not decide whether the existence of an obligation to pay spousal maintenance or a reservation of maintenance goes to a district court's subject-matter jurisdiction to address maintenance, and this opinion simply refers to the district court's authority to address maintenance.

diction to modify maintenance"); *Karon v. Karon*, 435 N.W.2d 501, 506 (Minn.1989) (Coyne, J., dissenting) (stating that "it is well settled that where there is neither an award of maintenance nor a reservation in the decree of jurisdiction of the issue of maintenance for later determination pursuant to section 518.55, the district court cannot thereafter award maintenance" (citing *Eckert v. Eckert*, 299 Minn. 120, 123, 216 N.W.2d 837, 839 (1974))); *Eckert*, 299 Minn. at 125, 216 N.W.2d at 840 (stating "that there cannot be modification of something that has ceased to exist"). Husband argues that under *Eckert* and its progeny, the district court lacked authority to address wife's motion to modify maintenance because, among other reasons, his maintenance obligation expired on May 15 when he made his last maintenance payment, rather than on May 31, the last day of the period to which the funds paid to wife on May 15 were to be applied and the date on which wife moved to modify maintenance.

The dissolution judgment does not address whether husband's maintenance obligation expires on the date he makes his last payment or on the last day of the month for which the last payment is made. And while each case cited by husband includes language that could be construed to support his argument that the district court loses authority to modify maintenance on the date of the last scheduled payment, none of the cases he cites specifically addresses the impact of a motion to modify maintenance made after the last maintenance payment is made as required but before the end of the month for which the last payment was made. *See Loo*, 520 N.W.2d at 745 (addressing maintenance provision that stated that "[a]fter the last of the payments required ... the obligation for spousal maintenance shall terminate irrevocably. *Thereafter* neither of the parties shall be entitled to alimony *then or in the future* " (emphasis added in

*Loo* )); *Santillan v. Martine*, 560 N.W.2d 749, 750 (Minn.App.1997) (stating that motion to extend temporary maintenance was made "two days before the expiration of [the] maintenance obligation"); *Wibbens v. Wibbens*, 379 N.W.2d 225, 226–27 (Minn. App.1985) (refusing, on appeal from dissolution judgment awarding temporary maintenance, to address whether district court abused its discretion by not reserving authority over maintenance, noting that "[s]ince the trial court here awarded temporary maintenance, no reservation of the issue was required" and that "[the recipient] could bring a motion to reserve maintenance ... before the obligation ceased"). Thus, we cannot say that the cases that husband cites require a particular result here. *See Skelly Oil Co. v. Comm'r of Taxation*, 269 Minn. 351, 371, 131 N.W.2d 632, 645 (1964) (stating that " 'the language used in an opinion must be read in the light of the issues presented' " (quoting *Sinclair v. United States*, 279 U.S. 749, 767, 49 S.Ct. 471, 477, 73 L.Ed. 938 (1929))); *Stageberg v. Stageberg*, 695 N.W.2d 609, 613 n. 2 (Minn.App.2005) (applying *Skelly Oil* in a family-law case), *review denied* (Minn. Jul. 19, 2005).

While existing caselaw has not resolved the issue that is raised in this case, we are persuaded that husband's argument is a logical extension of the language and principles found in the existing cases, especially the principle expressed in *Loo*, *Karon*, and *Eckert* that once a final maintenance payment has been made, there is no maintenance obligation to modify. *Loo*, 520 N.W.2d at 745; *Karon*, 435 N.W.2d at 506; *Eckert*, 299 Minn. at 125, 216 N.W.2d at 840. Therefore, we hold that when a dissolution judgment requires spousal-maintenance payments to be made on the first and the fifteenth day of each month for a specified period and does not otherwise reserve maintenance and the ob-

ligor makes the payments as required,[2] the maintenance obligation expires when the last payment is made and the district court has no authority to address a motion to modify maintenance that is made after the maintenance obligation expires. Because wife did not move to modify husband's maintenance obligation until more than two weeks after husband made his last maintenance payment, and because the last payment was made in accord with the schedule for maintenance payments, the district court lacked authority to address wife's motion, and we need not address whether the record shows that wife satisfied the threshold for modifying maintenance set out in Minn.Stat. § 518.64 (2004).

## II.

■ The district court awarded wife $12,000 in need-based attorney fees. Under Minn.Stat. § 518.14, subd. 1 (2004), a district court "shall" award need-based attorney fees if, among other things, the recipient of the fees lacks the ability to pay them. Husband challenges the attorney-fee award, arguing that the record lacks evidence showing that wife does not have the ability to pay her own attorney fees. But consistent with the findings in the dissolution judgment, the maintenance order states that wife previously lacked the financial ability to provide for herself and the children at the marital standard of living and that, currently, "even with the receipt of spousal maintenance and child support, [wife] would remain unable to meet her needs. Nothing has changed in

the interim to suggest that [wife] has been anywhere close to meeting her needs...." Neither husband nor the record shows that this finding is clearly erroneous, and while husband cites wife's failure to provide discovery as the basis for his inability to show that the finding is clearly erroneous, we cannot say that the record even suggests that wife would have sufficient funds to meet reasonable monthly expenses at the marital standard of living and also pay her attorney fees. *See* Minn. R. Civ. P. 52.01 (stating that findings of fact not altered unless clearly erroneous). Therefore, we reject husband's challenge to the district court's award of attorney fees.

## DECISION

Because wife did not move to modify her maintenance award until after husband made his last scheduled maintenance payment, and because maintenance was not otherwise reserved, the district court lacked authority to modify husband's maintenance obligation. Because the record does not show that the district court clearly erred in ruling that wife lacked the ability to pay her attorney fees, we affirm the district court's attorney-fee award.

**Affirmed in part and reversed in part.**

---

2. On this record, we decline to address whether a maintenance schedule is honored if an obligor makes an early payment of the final maintenance payment of a maintenance obligation. Nor do we address questions in-

volving lump-sum maintenance awards, property awarded in lieu of maintenance, or a maintenance obligor's (alleged) waiver of the district court's inability to modify an expired maintenance obligation.