*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1558**

In re the Marriage of:

Rosalyn LaRae Johnson, f/k/a Rosalyn LaRae Foster, petitioner,
Appellant,

vs.

Larry Dean Foster,
Respondent.

**Filed July 18, 2016
Reversed and remanded
Smith, Tracy M., Judge**

Ramsey County District Court
File No. 62-FA-08-581

Christopher Zewiske, Ormond & Zewiske, Minneapolis, Minnesota (for appellant)

Mark Nygaard, Nygaard & Longe Law Office, Little Canada, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Worke, Judge; and Smith, Tracy M., Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH, TRACY M.**, Judge

Appellant Rosalyn Johnson appeals the district court's order denying her motion to modify respondent Larry Foster's spousal-maintenance obligation and for need-based attorney fees. The district court held that it lacked authority to consider Johnson's motion

to modify spousal maintenance because, the court determined, the motion was brought after Foster's obligation had ended. Because the district court erred when it determined that it lacked authority to hear Johnson's motion, and because the district court did not develop a sufficient record for appellate review of Johnson's motion for need-based attorney fees, we reverse and remand.

## FACTS

The parties' marriage was dissolved by judgment and decree entered on May 12, 2009. Johnson was awarded spousal maintenance, and paragraph 11 of the judgment and decree describes the maintenance obligation as follows:

> Commencing effective April 1, 2009, as and for permanent spousal maintenance, Respondent shall pay to Petitioner the sum of $4,000 per month, payable in two equal installments on the first and fifteenth days of each month, until the earlier of the following events:
> (a) Death of Petitioner;
> (b) Death of Respondent;
> (c) Remarriage of Petitioner;
> (d) 72 months from entry of the Judgment and Decree; or
> (e) Further order of the Court.

The judgment and decree further provides that the district court retains jurisdiction to enforce the maintenance obligation.

Although Foster brought two motions challenging other aspects of the district court's judgment and decree, he did not challenge paragraph 11 regarding spousal maintenance. The district court filed two orders addressing Foster's motions.

Foster appealed the judgment and decree. The parties mediated the appeal and entered into a settlement agreement. In the settlement agreement, the parties agreed "to

2

clarify that this is a temporary and rehabilitative award of spousal maintenance for six years, and [Johnson] is under an obligation to follow through with her educational and other plans to enhance her earning capacity."

The district court filed an order and entered judgment implementing the parties' mediated settlement agreement. The district court *found* that the "parties agreed to clarify that [Johnson] was awarded a temporary and rehabilitative award of spousal maintenance for six years, and that [Johnson] is under an obligation to follow through with her educational and other plans to enhance her earning capacity." The district court *ordered* that

> paragraph 11 of the Judgment and Decree entered on the 12th of May, 2009, as modified by subsequent Orders[,] shall be *clarified* to reflect that the award of spousal maintenance from [Foster] to [Johnson] is temporary and rehabilitative in nature, and that [Johnson] is under an obligation to follow through with her educational and other plans to enhance her earning capacity.

(Emphasis added.) Based on the settlement, Foster's appeal was dismissed. Neither Johnson nor Foster sought relief from the district court's postsettlement order.

Some five years later, on March 27, 2015, Johnson moved for modification of spousal maintenance due to her "inability to rehabilitate." Johnson also moved for need-based attorney fees. Foster responded that Johnson's motion was untimely because he had made his final maintenance payment on March 15, 2015, satisfying his obligation, and therefore the district court lacked authority to hear the motion.[1] According to Foster, his

---

[1] As explained below, when a spousal-maintenance award requires payments to be made on the first and fifteenth day of each month for a specified period, the district court's

3

maintenance obligation began on April 1, 2009 and the parties' settlement agreement clarified that his obligation was to terminate "six years" after that date, in other words on March 15, 2015. Johnson, on the other hand, argued that Foster's payment obligation was to terminate "72 months from the date of entry [of judgment]" as provided in paragraph 11 of the original judgment and decree, which she calculated as lasting until April 2015.

The district court denied Johnson's motion to modify the support award and for need-based attorney fees. The district court agreed with Foster's analysis and determined that the maintenance obligation expired when he made the payment on March 15, 2015. The district court concluded that, because the maintenance obligation had ended, it lacked authority to hear Johnson's motion filed on March 27. The district court also concluded that there was no reservation of jurisdiction because the reservation's purpose was limited to "enforc[ing] [Foster's] obligation to pay [Johnson]." In addition, the district court summarily denied Johnson's request for need-based attorney fees.

Johnson appeals.

## D E C I S I O N

### I.

Johnson contends that the district court erred when it concluded that Foster's maintenance obligation expired on March 15, 2015 and that it therefore lacked authority to hear her motion filed on March 27. Generally, we review a district court's decision

---

authority to consider a motion to modify ends when the obligor has made the final payment on the fifteenth day of the last month, fully satisfying the obligation. *Moore v. Moore*, 734 N.W.2d 285, 285, 289 (Minn. App. 2007), *review denied* (Minn. Sept. 18, 2007).

regarding whether to modify a maintenance award for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 710 (Minn. 1997). A district court's authority to hear a motion to modify spousal maintenance raises an issue of law that we review de novo. *See Gossman v. Gossman*, 847 N.W.2d 718, 721 (Minn. App. 2014) (stating that this court reviews issues of a district court's "jurisdiction" over spousal maintenance de novo).[2]

"Once maintenance payments end, the [district] court is without jurisdiction to modify maintenance." *Loo*, 520 N.W.2d at 745; *see Diedrich v. Diedrich*, 424 N.W.2d 580, 583 (Minn. App. 1988) ("Generally, if the maintenance obligation terminates under the terms of the original decree, and the [district] court has not expressly reserved jurisdiction, the [district] court is thereafter without jurisdiction to modify."). As we explained in *Moore*, the district court's authority can end mid-month:

> [W]hen a dissolution judgment requires spousal-maintenance payments to be made on the first and fifteenth day of each month for a specified period and does not otherwise reserve maintenance and the obligor makes the payments as required, the maintenance obligation expires when the last payment is made and the district court has no authority to address a motion to modify maintenance that is made after the maintenance obligation expires.

734 N.W.2d at 288-89 (footnote omitted).

---

[2] The district court determined that it lacked "authority" to hear the motion to modify. As the district court observed, the supreme court has used the term "jurisdiction" in this context, *see, e.g.*, *Loo v. Loo*, 520 N.W.2d 740, 745 (Minn. 1994), but the term "authority" might better apply, s*ee Moore*, 734 N.W.2d at 287 n.1 (noting that "courts and parties often use concepts and language associated with 'jurisdiction' imprecisely to refer to, among other things, nonjurisdictional claims-processing rules or nonjurisdictional limits on a court's authority to address a question"). The distinction does not matter to this case, and we refer to a district court's lack of "authority" to hear a motion for maintenance modification when the maintenance obligation has terminated.

The dispositive issue in this case is whether Foster's spousal-maintenance obligation ended on March 15 or at some point beyond March 2015. Foster contends that the mediated settlement agreement controls the maintenance award's duration, and that under that agreement his obligation ended on March 15, 2015, "six years" after commencing on April 1, 2009. Johnson, on the other hand, argues that the spousal-maintenance obligation ended on April 15, 2015 under the original judgment and decree and that the mediated settlement agreement did not amend that termination date.[3]

***Effect of the mediated settlement agreement on the maintenance award***

The parties do not cite, and research has not revealed, any case addressing the effect of a postsettlement order on a mediated settlement agreement entered into at the appellate level. At the district court level

> when a judgment and decree is entered based upon a stipulation . . . the stipulation is merged into the judgment and decree and the stipulation cannot thereafter be the target of attack by a party seeking relief from the judgment and decree. The sole relief from the judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2.

*Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997); *see* Minn. Stat. § 518.145, subd. 2 (2014) (identifying bases for reopening judgments and decrees). While reopening the parties' judgment and decree is not at issue here, we see no reason to distinguish situations involving an order or judgment that is the result of a mediated settlement agreement

---

[3] Seventy-two months from the entry of judgment and decree would be May 12, 2015. Johnson apparently concedes, however, that the monthly maintenance obligation, even under her theory, lasted only through April 2015. The difference is irrelevant to our decision.

reached by the parties at the appellate level from an order or judgment that is the result of an agreement reached by the parties in the district court.

In ruling that it lacked authority to amend, the district court relied on the mediated settlement agreement to conclude that Foster's maintenance obligation had expired on March 15, 2015 and that it therefore lacked authority to hear Johnson's March 27 motion. However, because the mediated settlement agreement merged into the postsettlement order and judgment and no relief was sought from that order, the district court should have looked to the postsettlement order when determining termination of the spousal-maintenance obligation. *See Shirk*, 561 N.W.2d at 522.

In the postsettlement order, the district court *found* that "the parties agreed to clarify that [Johnson] was awarded a temporary and rehabilitative award of spousal maintenance for six years, and that [Johnson] is under an obligation to follow through with her educational and other plans to enhance her earning capacity." The district court *ordered* that paragraph 11 of the original judgment and decree "shall be *clarified* to reflect that the award of spousal maintenance from [Foster] to [Johnson] is temporary and rehabilitative in nature, and that [Johnson] is under an obligation to follow through with her educational and other plans to enhance her earning capacity." (Emphasis added.) The district court's postsettlement order did not amend the original spousal-maintenance award's termination provision. As such, the original judgment and decree's spousal-maintenance-award language controls.

*Interpretation of the original judgment and decree's spousal-maintenance award*

We turn now to the spousal-maintenance award in the parties' original judgment and decree. Johnson contends that the district court's decision rests on an "incorrect and incomplete analysis of the Judgment and Decree" and that the correct conclusion is that maintenance did not expire until April 15, 2015. Johnson appears to argue that the judgment and decree's spousal-maintenance award is ambiguous. "Whether a dissolution judgment is ambiguous is a legal question." *Tarlan v. Sorensen*, 702 N.W.2d 915, 919 (Minn. App. 2005). "[I]f language is reasonably subject to more than one interpretation, there is ambiguity." *Halverson v. Halverson*, 381 N.W.2d 69, 71 (Minn. App. 1986).

Johnson is incorrect that the language of the termination provision is ambiguous, but we agree with her ultimate conclusion that Foster's spousal-maintenance obligation lasted beyond March 2015. The spousal-maintenance award's start and end dates are not susceptible to more than one interpretation. Foster's obligation to pay began on April 1, 2009 and was to last until the "earlier" of a series of possible events, one of which was "72 months from entry of the Judgment and Decree." This language remains unchanged. Judgment was entered on May 12, 2009. Seventy-two months from the date of entry ran beyond March 2015. Because Johnson made her motion on March 27, 2015—before the maintenance obligation expired—the district court had authority to hear Johnson's motion.[4] *See Loo*, 520 N.W.2d at 745.

---

[4] Foster spends considerable time arguing that Johnson "did know" that the payment obligation expired in March 2015 because she was trying to file a "placeholder motion" that month, to be heard later. What Johnson subjectively believed about the maintenance award's termination date is irrelevant, however, because the award's unambiguous terms

The district court erred when it concluded that it lacked authority to hear Johnson's motion. Because our decision on this point is dispositive, we do not consider Johnson's argument that the maintenance award's reservation of jurisdiction provided another basis for the district court to hear her motion.

**II.**

Johnson also argues that the district court abused its discretion when it denied her motion for need-based attorney fees. A district court "shall" award need-based attorney fees if (1) the requesting party is asserting her rights in good faith, (2) the party from whom fees are sought is able to pay, and (3) the requesting party is unable to pay. Minn. Stat. § 518.14, subd. 1 (2014). "The standard of review for an appellate court examining an award of attorney fees is whether the district court abused its discretion." *Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999).

The district court summarily denied Johnson's motion for need-based attorney fees without findings or other analysis. Without findings of fact or other discussion, we cannot review the district court's decision for an abuse of discretion. *See Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 720 (Minn. App. 2009) ("We conclude that the findings about appellant's means to pay the attorney fees are inadequate because we cannot determine how the district court assessed appellant's means. We therefore remand for additional findings."), *review granted* (Minn. Sept. 29, 2009), *and appeal dismissed* (Minn. Feb. 1, 2010); *see also Stich v. Stich*, 435 N.W.2d 52, 53 (Minn. 1989) (stating that

provide that the obligation was to end 72 months from the date of entry of judgment, *i.e.*, beyond March 2015.

9

"[e]ffective appellate review" of a district court's exercise of discretion "is possible only when the [district] court has issued sufficiently detailed findings").

We therefore reverse the district court's determination that it lacked authority to address Johnson's motion to modify spousal maintenance and remand for the district court to both address the merits of that motion and make findings addressing Johnson's motion for need-based attorney fees. Whether to reopen the record on remand shall be discretionary with the district court.

**Reversed and remanded.**